Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
BRUCE ALBERT JOHNSON

Filed
MAR - 5 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CFS II, INC., an Oklahoma corporation,<br><br>Defendant. | Case No.  CV12-01091<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, BRUCE ALBERT JOHNSON (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.     This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, BRUCE ALBERT JOHNSON (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, CFS II, INC. (hereinafter "CFS"), is an Oklahoma corporation engaged in the business of collecting debts in this state with its principal place of business located at: 502 West Sixth Street, Tulsa, Oklahoma 74119. CFS may be served as follows: CFS II, Inc., c/o CT Corporation System, Agent for Service of Process, 818 West Seventh Street, Los Angeles, California 90017-3407. The principal business of CFS is the collection of debts using the mails and telephone,

and CFS regularly attempts to collect debts alleged to be due another. CFS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI. FACTUAL ALLEGATIONS

8.  On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by US Bank and bearing the account number 4037-8400-1640-4988 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9.  Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  Thereafter Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.  A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12.  The collection letter (Exhibit "1") is dated March 4, 2011.

13.  The collection letter (Exhibit "1") was the first written communication from Defendant to Plaintiff in connection with the collection of the alleged debt.

14.  The collection letter (Exhibit "1") states in relevant part:

> To help you identify this debt we have provided above the name and address of the original creditor and other information. If you need more information, just let us know. Also, if you believe this is not your debt, that the amount is wrong, or if there is something else that may make this debt invalid, please tell us you dispute the debt. If you tell us of your dispute within 30 days of your receipt of this letter, we will avoid contacting you until we send written verification of the debt or a copy of any applicable judgment. If you do not tell us you dispute the debt then we will assume the debt is valid.

15.  Plaintiff is informed and believes, and thereon alleges, that Defendant has sent

standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one year preceding the filing of this Complaint.   Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

16.   Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

17.   Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

18.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

19.   Defendant, CFS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

20.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

21.   Defendant has violated the FDCPA.  The violations include, but are not limited to, the following:

  a.   Defendant misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

  b.   Defendant failed to send Plaintiff a written notice containing a statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant, in violation of 15 U.S.C. § 1692g(a)(3);

c.    Defendant misrepresented Plaintiff's right to obtain verification of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

d.    Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4);

e.    Defendant misrepresented Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

f.    Defendant failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

22.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

25.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

26.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

1788.2(h).

27.     Defendant, CFS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

28.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

29.     Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.     Defendant misrepresented Plaintiff's right to dispute the debt, in violation of Cal. Civil Code § 1788.17;[1]

b.     Defendant failed to send the Plaintiff a written notice containing a statement that unless the Plaintiff, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant, in violation of Cal. Civil Code § 1788.17;[2]

c.     Defendant misrepresented Plaintiff's right to obtain verification of the debt, in violation of Cal. Civil Code § 1788.17;[3]

d.     Defendant failed to send the Plaintiff a written notice containing a statement that if the Plaintiff notifies the Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendant would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Cal. Civil Code § 1788.17;[4]

e.     Defendant misrepresented Plaintiff's right to obtain the name and address of

---

[1] 15 U.S.C. §§ 1692e and 1692e(10).
[2] 15 U.S.C. § 1692g(a)(3).
[3] 15 U.S.C. §§ 1692e and 1692e(10).
[4] 15 U.S.C. § 1692g(a)(4).

the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17;[5] and

    f. Defendant failed to send the Plaintiff a written notice containing a statement that upon the Plaintiff's written request within the thirty-day period, the Defendants would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of Cal. Civil Code § 1788.17.[6]

  30. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

  31. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

  32. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[7]

  33. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

  34. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

---

[5] 15 U.S.C. §§ 1692e and 1692e(10).
[6] 15 U.S.C. § 1692g(a)(5).
[7] 15 U.S.C.§ 1692k(a)(2)(A).
[8] 15 U.S.C.§ 1692k(a)(3).

a.    Assume jurisdiction in this proceeding;

b.    Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

c.    Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17;[9]

g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h.    Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[9]  15 U.S.C. § 1692k(a)(2)(A).

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
    Fred W. Schwinn, Esq.
    Attorney for Plaintiff
    BRUCE ALBERT JOHNSON


## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRUCE ALBERT JOHNSON, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**CFS II**

2488 E. 81st. Street
Suite 500
Tulsa, OK 74137
888-394-3951

March 4, 2011

Bruce A. Johnson
275 Burnett Ave SPC 115
Morgan Hill, CA 95037

Dear Bruce A. Johnson:

Tomi Enterprise - Doug Araki. has purchased and been assigned ownership of the debt listed below. Our office has been retained to collect this debt.

| | |
|---|---|
| Original Creditor Name: | **US BANK** |
| Card Name: | **Visa Platinum** |
| Original Card Number: | **4037840016404988** |
| Type of Obligation: | **Credit card** |
| Credit Card Opened: | **02/01/2008** |
| Last Payment: | |
| Our Account Number: | **102162** |
| Current Total Balance: | **$5,719.13** |

Our records indicate that you are obligated on the account and that it is currently in default.

Federal law provides you certain rights and protections regarding the collection of this debt. To learn more about these rights we encourage you to visit this Federal Trade Commission website:

http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre18.shtm

To help you identify this debt we have provided above the name and address of the original creditor and other information. If you need more information, just let us know. Also, if you believe this is not your debt, that the amount is wrong, or if there is something else that may make the debt invalid, please tell us you dispute the debt. If you tell us of your dispute within 30 days of your receipt of this letter, we will avoid contacting you until we send written verification of the debt or a copy of any applicable judgment. If you do not tell us you dispute the debt then we will assume the debt is valid.

Please call us at the number below to discuss your payment options, or you can send payment to the address listed below. If you have already paid in full or you are represented by an attorney regarding this debt, please let us know details of your payment or contact information for your attorney and we will not contact you again.

We look forward to hearing from you and to you taking care of this matter.

Sincerely,
**Brain Brophy**
CFS II

**EXHIBIT**

**Notice: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Our office and mailing address is **2488 E. 81st St. Suite 500 Tulsa, OK 74137**. You can reach us toll-free at **888-394-3951** from 8am to 8pm Central Time. Our local number is **918-394-3950**.

In case you have a complaint about any aspect of our collection efforts on this account, please contact Ms. Jessica Allsop at our office. She can be reached at **jallsop@cfstwo.com** or at **888-394-3951**.

This communication is from a debt collector and is an attempt to collect a debt. Any information we obtain will be used for that purpose.

**Special notice for residents of California**:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using means of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Special notice for residents of Colorado**

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Special notice for residents of Illinois:** We do business in Illinois as CFS II of Oklahoma, Inc.

**Special notice for residents of Iowa:** We do business in Iowa as CFS II of Oklahoma, Inc.

**Special notice for residents of Massachusetts:** We do business in Massachusetts as Oklahoma CFS II.

**Special notice for residents of Missouri:** We do business in Missouri as CFS II of Oklahoma, Inc.

**Special notice for residents of New York City**

We are licensed by the New York City Department of Consumer Affairs and our License Number is 1373571

**Special notice for residents of Texas:** We do business in Texas as CFS II of Oklahoma, Inc.

**Special notice for residents of Utah**

As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter.

# CFS II

## WHO IS CFS II?

CFS II is not your typical debt-collection company because I'm not your typical company owner. My name is Bill Bartmann and here are some facts about me:

➤ I was one of eight children. My father was a janitor and mother cleaned houses for a living.

➤ Our family was evicted more than once because the places we lived were declared "unfit for human habitation."

➤ I joined the carnival at 14 and roamed the country. At times I lived under bridges and ate out of dumpsters.

➤ I joined a street gang and became an alcoholic by age 17.

➤ One night while drunk I fell down a flight of stairs and became paralyzed from the waist down. The doctor assured me that I'd never walk again.

➤ Eventually I walked out of the hospital and got a job at a hog slaughterhouse, where I worked for 6 years.

➤ I organized a wildcat strike at the slaughterhouse to demand benefits for us part-timers, and the company agreed to our terms.

➤ I met my future wife when I was 17 and she was 14. (We've since been married for 38 years.)

➤ Eventually I got my high school diploma, barely made it through college, and went to law school. I became an attorney and my main clients were poor people being sued by creditors.

➤ I made a good living at times and at other times I was forced to declare bankruptcy.

During the bad times I was hounded day and night by bill collectors. They sometimes got my 7-year-old daughter on the phone and worked her over. Once I ripped the phone out of the wall when one collector became especially abusive.

When I started this business I was determined to treat people with dignity and respect—unlike the way I was treated when I owed money.

We became successful because most customers really do want to repay their debts and get on with their lives, if only they're treated with dignity and respect. And that's my pledge about how we'll treat you.

Bill Bartmann
Founder, CFS II

2488 E. 81st. Street ➤ Suite 500
Tulsa, OK 74137 | 888-394-3951

"Bill Bartmann is a good steward!  He has made a profound positive difference in the lives of so many."

– **Mother Teresa**



"Bill is living proof that business success and family values are not incompatible. He has demonstrated...the more you give, the more you get."

– **Bill Cosby**



"Bill is 'The Greatest' at helping people recognize and discover the champion hiding inside. He teaches people how to 'knockout' the negatives in their lives."

– **Muhammad Ali**



"Patron Saint of the Second Chance. A second chance. Who better to offer it than Bill Bartmann."

**THE WALL STREET JOURNAL.**

"Bill Bartmann has built a big business of bad debt. He also may have made bill collectors kinder and gentler.  None of it would have happened if he hadn't gone broke."



"Bill Bartmann...put a seedy and inefficient industry on the road to respectability."

**FORTUNE**

"Although Bartmann lost his company, he managed to turn his loss into an opportunity that ... changed an entire industry."



"Determined to make good on what he owed, rather than declare bankruptcy, Bartmann persuaded his bank to lend him the money to get into...the debt collection business. He started by purchasing a cheap package of bad FDIC loans and from there built a ... reputation as the industry's kindest collector."

**SUCCESS**

"Bill Bartmann survived failure, remade one of the country's ugliest industries."





$0.440
US POSTAGE
FIRST-CLASS
082S0009714448
74137

2488 E. 81st Suite 500
Tulsa, Ok 74137

Bruce A. Johnson
275 Burnett Ave SPC 115
Morgan Hill, CA 95037

95037-2633