1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BRUCE ALBERT JOHNSON
6

7

8            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10 BRUCE ALBERT JOHNSON,              Case No. 5:12-CV-01091-LHK-PSG

11                      Plaintiff,    MEMORANDUM OF POINTS AND
                                      AUTHORITIES IN OPPOSITION TO
12        v.                          CFS II, INC.'S, MOTION TO DISMISS
                                      THE COMPLAINT
13 CFS II, INC., an Oklahoma corporation,

14                      Defendant.    Hearing Date:     TBD
                                      Hearing Time:     1:30 p.m.
15                                    Hearing Judge:    Lucy H. Koh
                                      Hearing Courtroom: 8, 4th Floor
16                                    Hearing Location:  280 South First Street
                                                         San Jose, California
17

18

19        COMES NOW Plaintiff, BRUCE ALBERT JOHNSON, by and through his attorney Fred W.

20 Schwinn of Consumer Law Center, Inc., and hereby submits his Memorandum of Points and

21 Authorities in Opposition to CFS II, Inc.'s, Motion to Dismiss the Complaint (Doc. 5).

22                                    oo0oo

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................................................1

II.  STATEMENT OF THE CASE............................................................................................1

III. POINTS AND AUTHORITIES.........................................................................................3

    A.  STANDARD OF REVIEW.........................................................................................3

        1.  Least Sophisticated Consumer Standard.........................................................5

        2.  Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations of the FDCPA, as Seen from the Perspective of the "Least Sophisticated Consumer"..................................................................................................................7

    B.  MOTIONS TO DISMISS ARE DISFAVORED BY THE COURTS...................................7

    C.  THE 15 U.S.C. § 1692g(a) DEBT VALIDATION NOTICE.......................................8

        1.  The Validation Notice Must be Effectively Conveyed to the Debtor...........9

        2.  The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(3)........................................................................................................10

        3.  The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(4)........................................................................................................11

        4.  The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(5)........................................................................................................13

        5.  The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Dispute the Debt, In Violation of 15 U.S.C. §§ 1692e and 1692e(10)...............................................................................................................14

        6.  The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Obtain Verification of the Debt, In Violation of 15 U.S.C. §§ 1692e and 1692e(10)...............................................................................................14

        7.  The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Obtain the Name and Address of the Original Creditor, If Different From the Current Creditor, In Violation of 15 U.S.C. §§ 1692e and 1692e(10)...............................................................................................................15

8.  Because the California RFDCPA Incorporates Most of the Provisions of the Federal FDCPA by Reference, a Determination That Defendant Violated the FDCPA Supports an Additional Award of Statutory Damages Under the RFDCPA.....................................................................................................15

IV.  CONCLUSION...................................................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## <u>CASES</u>

*al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009)........................................................3-4, 8

*Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074 (2011)..............................................3

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....................3

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996).....................................................................9

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982)............................................5-7, 11-12

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).......................................4

*Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997)...............................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007).........................................................................................4-5, 8

*Beliveau v. Caras*, 873 F. Supp. 1393 (C.D. Cal. 1995).....................................................8

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993)..............................6-7

*Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003)...............................................................8

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990)........................................................6-7

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)...............................4

*Clark v. Capital Credit & Collection  Servs.*, 460 F.3d 1162 (9th Cir. 2006)..................6, 16

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993)............................................................6

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242 (9th Cir. 1990).....................5

*Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. 2012)..............................................6

*De La Cruz v. Tormey*, 582 F.2d 45, 58 (9th Cir. 1978)....................................................8

*Fasten v. Zager*, 49 F. Supp. 2d 144 (E.D.N.Y. 1999).......................................................12

*Frey v. Gangwish*, 970 F.2d 1516 (6th Cir. 1992)............................................................9

*FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965).......................16

---

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 5:12-CV-01091-LHK-PSG

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031
(W.D. Wis. 2002)..................................................................................................7

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
___ U.S. ___, 130 S. Ct. 1605, 176 L. Ed. 2d 519 (2010)..................................6

*Kolker v. Duke City Collection Agency*, 750 F. Supp. 468 (D. N.M. 1990)............................7

*Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009).......................................8

*McCabe v. Crawford & Company*, 272 F. Supp. 2d 736 (N.D. Ill. 2003)..........................11-12

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)........................................6

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011)...........................6

*Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991)...............................8, 15

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)..................................................3

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480 (9th Cir. 1995)...................................4

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001).........................................7

*Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997)...................7

*Reddy v. Litton Indus., Inc.*, 912 F.2d 291 (9th Cir. 1990).......................................5

*Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979)....................12

*Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123 (2d Cir. 2009)....................................8

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988)................................6-7

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998)..........................5

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996)............................................6

*SEC v. Cross Fin'l Servs., Inc.*, 908 F. Supp. 718 (C.D. Cal. 1995)..............................8

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035 (9th Cir. 2010).....................8

*Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011)....................................................5

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992)......................6

- iv -

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988)......................5-6, 10

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997)....................6, 7

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997)..............................................5-6, 9

*Tipping-Lipshie v. Riddle*, 2000 U.S. Dist. LEXIS 2477 (E.D.N.Y. Mar. 1, 2000).................14

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989)....................7

*United States v. Menasche*, 348 U.S. 528, 75 S. Ct. 513, 99 L. Ed. 615 (1955)...................10

*Vera v. Trans-Continental Credit & Collection Corp.*,
1999 U.S. Dist. LEXIS 3464 (S.D.N.Y. Mar. 23, 1999).............................................14

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996)....................................6

*Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 117 S. Ct. 660,
136 L. Ed. 2d 644 (1997)........................................................................10

*Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204 (N.D. Ga. 1981)................7

*Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997)...........................................7

## **STATUTES**

15 U.S.C. § 1692(e)............................................................................5-6

15 U.S.C. § 1692a.............................................................................1, 2

15 U.S.C. § 1692d...............................................................................5

15 U.S.C. § 1692e........................................................................2-3, 5, 14-15

15 U.S.C. § 1692f...............................................................................5

15 U.S.C. § 1692g........................................................................2-3, 8-14

Cal. Civil Code § 1788.2(f).....................................................................1

Cal. Civil Code § 1788.17....................................................................3, 15

Cal. Civil Code § 1788.30.......................................................................3

## **RULES**

Fed. R. Civ. P. 8(a)(2).................................................................................................4

Fed. R. Civ. P. 12(b)(6).....................................................................................3, 4, 7, 8

## **MISCELLANEOUS**

S. Rep. No. 95-382, 95th Cong. 1st Sess. 2 (1977).........................................................5

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

## I.  INTRODUCTION

This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant, CFS II, INC.'s (hereinafter "Defendant"), violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

Plaintiff's Complaint sufficiently alleges facts that, if established at trial, would entitle him to relief against Defendant for numerous violations of the FDCPA and RFDCPA, any one of which exposes Defendant to liability.    Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and find that Plaintiff's Complaint states claims upon which relief may be granted by this Honorable Court.

## II.  STATEMENT OF THE CASE

On a date or dates unknown to Plaintiff, BRUCE ALBERT JOHNSON (hereinafter "Plaintiff"), is alleged to have incurred a financial obligation, namely a consumer credit account issued by US Bank (hereinafter "the alleged debt").   The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).[1]   Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.[2]

Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).[3]   The

---

[1]  <u>Complaint</u> (Doc. 1) at ¶ 8.
[2]  <u>Complaint</u> (Doc. 1) at ¶ 9.
[3]  <u>Complaint</u> (Doc. 1) at ¶ 10, Exhibit "1."

MEMORANDUM OF POINTS AND AUTHORITIES            Case No. 5:12-CV-01091-LHK-PSG

collection letter (Exhibit "1") is dated March 4, 2011.[4]  The collection letter (Exhibit "1") was the first

written communication from Defendant to Plaintiff in connection with the collection of the alleged

debt.[5]  The collection letter (Exhibit "1") states in relevant part:

> To help you identify this debt we have provided above the name and address of the original creditor and other information.  If you need more information, just let us know.  Also, if you believe this is not your debt, that the amount is wrong, or if there is something else that may make this debt invalid, please tell us you dispute the debt.  If you tell us of your dispute within 30 days of your receipt of this letter, we will avoid contacting you until we send written verification of the debt or a copy of any applicable judgment.  If you do not tell us you dispute the debt then we will assume the debt is valid.[6]

In this case, Plaintiff alleges that Defendant failed to send Plaintiff a written notice containing a

statement that unless Plaintiff, within 30 days after receipt of the notice, disputes the validity of the

debt, or any portion thereof, the debt will be assumed to be valid by Defendant, in violation of 15

U.S.C. § 1692g(a)(3).[7]  By failing to include this notice, Defendant also misrepresented Plaintiff's right

to dispute the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).[8]

Plaintiff further alleges that Defendant failed to send Plaintiff a written notice containing a

statement that if Plaintiff notifies Defendant in writing within the thirty-day period that the debt, or any

portion thereof, is disputed, Defendant would obtain verification of the debt and that a copy of the

verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).[9]  By failing to include

this notice, Defendant also misrepresented Plaintiff's right to obtain verification of the debt, in violation

of 15 U.S.C. §§ 1692e and 1692e(10).[10]

Plaintiff further alleges that Defendant failed to send Plaintiff a written notice containing a

---

[4]  Complaint (Doc. 1) at ¶ 12.
[5]  Complaint (Doc. 1) at ¶ 13.
[6]  Complaint (Doc. 1) at ¶ 14, Exhibit "1."
[7]  Complaint (Doc. 1) at ¶ 21b.
[8]  Complaint (Doc. 1) at ¶ 21a.
[9]  Complaint (Doc. 1) at ¶ 21d.
[10]  Complaint (Doc. 1) at ¶ 21c.

statement that upon Plaintiff's written request within the thirty-day period, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).[11] By failing to include this notice, Defendant also misrepresented Plaintiff's right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10).[12]

Additionally, each of Plaintiff's allegations enumerated above states a violation of Cal. Civil Code § 1788.17.[13] Plaintiff further alleges that Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).[14]

### III. POINTS AND AUTHORITIES

Defendant, CFS II, INC., moves to dismiss Plaintiff's claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788 *et seq.*, ("RFDCPA") pursuant to Fed. R. Civ. P. 12(b)(6). In his Complaint, Plaintiff has stated facts sufficient to overcome Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

#### A. STANDARD OF REVIEW

A Fed. R. Civ. P. 12(b)(6) motion to dismiss tests the sufficiency of the complaint.[15] "To avoid dismissal under Rule 12(b)(6), a plaintiff must aver in his complaint 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[16] In this regard, the pleading standard of

---

[11] Complaint (Doc. 1) at ¶ 21f.
[12] Complaint (Doc. 1) at ¶ 21e.
[13] Complaint (Doc. 1) at ¶ 29.
[14] Complaint (Doc. 1) at ¶ 30.
[15] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
[16] *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), *rev'd on other grounds*, *Ashcroft v. al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074 (2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."[17]   The requisite "showing" is not just "a blanket assertion[] of entitlement to relief."[18]   Factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests.[19]   As long as the complaint meets this standard, it need not include the facts necessary to carry the plaintiff's burden,[20] or detailed factual allegations.[21]

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court analyzes the Complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party."[22]   Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory.[23]   A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[24]   The factual allegations must be definite enough to "raise a right to relief above the speculative level."[25]   However, a complaint does not need detailed factual allegations to survive dismissal.[26]   Rather, a complaint need only include enough facts to state a claim that is "plausible on its face."[27]   That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief.[28]   However, "Rule 8(a) 'does not impose a probability requirement at the pleading state; it simply calls for enough fact to raise a reasonable expectation that discovery will

---

[17]  Fed. R. Civ. P. 8(a)(2).
[18]  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[19]  *Id.*
[20]  *al-Kidd*, 580 F.3d at 977.
[21]  *Twombly*, 550 U.S. at 555.
[22]  *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).
[23]  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
[24]  *Twombly*, 550 U.S. at 562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).
[25]  *Id.* at 555.
[26]  *Id.* at 552.
[27]  *Id.* at 570.
[28]  *Id.* at 556 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

1    reveal evidence' to support the allegations."[29]

2        Finally, if granting a motion to dismiss, the court is generally required to grant the plaintiff

3    leave to amend, even if no request to amend the pleading was made, unless amendment would be

4    futile.[30]  In determining whether amendment would be futile, the court examines whether the complaint

5    could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of

6    [the] original complaint."[31]  Leave to amend should be liberally granted, but an amended complaint

7    
8    cannot allege facts inconsistent with the challenged pleading.[32]

9            **1.    Least Sophisticated Consumer Standard**

10       The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by

11   
12   debt collectors."[33]  The statute is designed to protect consumers from unscrupulous collectors, whether

13   or not there is a valid debt.[34]  The FDCPA broadly prohibits unfair or unconscionable collection

14   methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or

15   
16   misleading statements, in connection with the collection of a debt.[35]  The stated purpose of the Act is to

17   "protect consumers from a host of unfair, harassing, and deceptive debt collection practices. . . ."[36]

18       The United States Court of Appeals for the Ninth Circuit has held that whether a communication

19   
20   or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the

21   "least sophisticated consumer."[37]  The "least sophisticated consumer" standard is objective—not

22   _____

23   [29] *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

24   [30] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

25   [31] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

26   [32] *Id.* at 296-97.

27   [33] 15 U.S.C. § 1692(e).

28   [34] *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

[35] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

[36] *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1149 (9th Cir. 1998) (quoting S. Rep. No. 95-382, 95th Cong. 1st Sess. 2 (1977)).

[37] *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997); *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

- 5 -

MEMORANDUM OF POINTS AND AUTHORITIES        Case No. 5:12-CV-01091-LHK-PSG

1 subjective.[38] Courts determine whether the "least sophisticated consumer" would be misled or deceived

2 by the statements made by a debt collector as a matter of law.[39]

3 "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

4 summary judgment for the plaintiff."[40] "The FDCPA is a strict liability statute; there is no mental state

5 required to violate it."[41] "Because the Act imposes strict liability, a consumer need not show intentional

6 conduct by the debt collector to be entitled to damages."[42] Furthermore, the question of whether the

7 consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA.[43]

8 It is important to note that by protecting consumers from abusive, deceptive and unfair

9 collection practices, the FDCPA insures that those debt collectors who refrain from using abusive debt

10 collection practices are not competitively disadvantaged.[44] Moreover, the FDCPA further insures that

11 regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and in a civil

12 manner.[45]

13 Accordingly, Plaintiff asserts that whether or not Defendant violated the FDCPA must be

14 evaluated from the standpoint of the "least sophisticated consumer."

15 / / /

---

[38] *Swanson*, 869 F.2d at 1227.

[39] *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Terran*, 109 F.3d at 1432; *Swanson*, 896 F.2d at 1225-26.

[40] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); S*ee also Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

[41] *Cruz v. Int'l Collection Corp.*, 673 F.3d 991 (9th Cir. 2012), *citing McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) and *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175 (9th Cir. 2006).

[42] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *See also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

[43] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.

[44] 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S. Ct. 1605, 1608-09, 176 L. Ed. 2d 519 (2010); *McCollough*, 637 F.3d at 939.

[45] *Baker*, 677 F.2d at 777.

---

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES            Case No. 5:12-CV-01091-LHK-PSG

2.   **Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations of the FDCPA, as Seen from the Perspective of the "Least Sophisticated Consumer"**

To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant is a "debt collector" as defined in the FDCPA, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act.[46]  Plaintiff has sufficiently pled facts which support each of these elements: (1) Plaintiff is a consumer,[47] (2) Defendant is a debt collector,[48] and (3) Defendant violated various sections of the FDCPA.[49]

Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat a motion to dismiss and support summary judgment for a plaintiff.[50]  In light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled to damages,[51] and there are no unimportant violations.[52]  Further, no proof of deception or actual damages is required to obtain statutory remedies.[53]

**B.   MOTIONS TO DISMISS ARE DISFAVORED BY THE COURTS**

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the claims made by

---

[46] *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D. N.M. 1990); *Riveria*, 682 F. Supp. at 175-76; *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).
[47] Complaint (Doc. 1) at ¶¶ 6,18, and 26.
[48] Complaint (Doc. 1) at ¶¶ 7, 19, and 27.
[49] Complaint (Doc. 1) at ¶¶ 10, 13-14, 21-23, 29-33.
[50] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation"); *See also Cacace*, 775 F. Supp. at 505; *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley*, 6 F.3d at 62.
[51] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997).
[52] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor*, 103 F.3d at 1234 (failure "to comply with any provision of the FDCPA" leads to liability).
[53] *Baker*, 677 F.2d at 780.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

Plaintiff.[54]  Plaintiff's Complaint need only allege facts that, if established at trial, would entitle her to relief.[55]  Therefore, a Rule 12(b)(6) motion may only be granted if the operative complaint fails to allege either (1) a cognizable legal theory, or (2) absence of sufficient facts alleged under a cognizable legal theory.[56]  In this case, Plaintiff's Complaint establishes both.  Additionally, the facts alleged must state a facially plausible claim for relief, pursuant to *Twombly/Iqbal*.[57]  Plaintiff's Complaint does.

Traditionally, Rule 12(b)(6) motions have been disfavored by the courts.  Because pleadings play a lesser role in federal practice than they do elsewhere, and because there is a liberal amendment policy in federal courts, judges are rightfully apprehensive when asked to dismiss a case pursuant to Rule 12(b)(6).[58]

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."[59]  No matter how improbable the facts alleged are, they must be accepted as true for purposes of this motion.[60]

## C.  THE 15 U.S.C. § 1692g(a) DEBT VALIDATION NOTICE

"There are numerous and ingenious ways of circumventing § 1692g under a cover of a technical compliance."[61]  In this case, Defendant failed to include the notices required by 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5), in its initial written collection communication to Plaintiff.  "The Fair Debt Collection Practices Act is an extraordinarily broad statute.  Congress addressed itself to what it

---

[54] *De La Cruz v. Tormey*, 582 F.2d 45, 58 (9th Cir. 1978); *SEC v. Cross Fin'l Servs., Inc.*, 908 F. Supp. 718,726-727 (C.D. Cal. 1995); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).
[55] *Twombly*, 550 U.S. at 555.
[56] *See generally*, *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).
[57] *Id.*
[58] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) *and Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).
[59] *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).  *See also*, *al-Kidd*, 580 F.3d at 956.
[60] *Twombly*, 550 U.S. at 556.
[61] *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 485 (4th Cir. 1991).

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

considered to be a widespread problem, and to remedy that problem it crafted a broad statute."[62] "To ensure that debt collectors give consumers adequate information concerning their legal rights, section 1692g(a) requires that the initial communication with a consumer in connection with a debt contain:

> (1) the amount of the debt; (2) the name of the creditor; (3) a statement that [unless] the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer disputes the debt, the debt collector will mail the consumer verification of the debt or a copy of a judgment; and (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."[63]

"Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so."[64] A "validation notice" is required by law to be present in letters seeking to collect debts.[65] Essentially, the notice required by § 1692g must tell the debtor that he has 30 days to dispute the validity of all or a portion of the debt.  If not disputed, the collector may assume the debt to be valid.[66] "A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message."[67]  Moreover, "it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude."[68]

### 1. The Validation Notice Must be Effectively Conveyed to the Debtor

"The statute is not satisfied merely by inclusion of the required debt validation notice; the notice

---

[62] *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992).
[63] *Terran*, 109 F.3d at 1431; See 15 U.S.C. § 1692g(a)(1)-(5).
[64] *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).
[65] 15 U.S.C. § 1692g.
[66] *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).
[67] *Id.*
[68] *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

Congress required must be conveyed effectively to the debtor.  It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor.  Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency."[69]

### 2.  The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(3).

Defendant argues that there is no violation of 15 U.S.C. § 1692g(a)(3) because the letter contained all statutorily required information.  Plaintiff disagrees.  As stated above, the notice required by § 1692g(a)(3) must convey to the least sophisticated debtor:

> . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.][70]

Interpreting the statute so as "to give each word some operative effect,"[71] there are five component parts in § 1692g(a)(3) with which a debt collector must comply.  To comply with § 1692g(a)(3), the initial collection communication from the debt collector must include: 1) a statement that unless the consumer; 2) within thirty days after the receipt of the notice; 3) disputes the validity of the debt; 4) or any portion thereof; 5) the debt will be assumed valid by the debt collector.  "Congress included the[se] debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights."

Instead, Defendant's letter contains the sentence, "If you tell us of your dispute within 30 days of your receipt of this letter, we will avoid contacting you until we send written verification of the debt or a copy of any applicable judgment.  If you do not tell us you dispute the debt then we will assume the debt is valid."  However, with a straightforward reading of the above quoted language in the initial

---

[69] *Swanson*, 869 F.2d at 1225.
[70] 15 U.S.C. § 1692g(a)(3).
[71] *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 209, 117 S. Ct. 660, 136 L. Ed. 2d 644 (1997) (*citing United States v. Menasche*, 348 U.S. 528, 538-539 (1955)).

collection letter, it is clear that the notice does not notify the least sophisticated debtor that he may

dispute only a portion of the debt.

> The language of the notice is simply not sufficient to put a debtor on notice that he could
> dispute a portion of the debt. A debtor who does owe a valid obligation to the creditor
> but could dispute finance charges, interest, or have some valid defense, might not be put
> on notice that he could dispute these additional charges.[72]

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. § 1692g(a)(3).

Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

### 3. The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(4).

Defendant argues that there is no violation of 15 U.S.C. § 1692g(a)(4) because the letter

contained all statutorily required information. Plaintiff disagrees. As stated above, the notice required

by § 1692g(a)(4) must convey to the least sophisticated debtor:

> . . . a statement that if the consumer notifies the debt collector in writing
> within the thirty-day period that the debt, or any portion thereof, is
> disputed, the debt collector will obtain verification of the debt or a copy
> of a judgment against the consumer and a copy of such verification or
> judgment will be mailed to the consumer by the debt collector[.][73]

Defendant's letter violates section g(a)(4) for two reasons. First, the letter fails to inform the

Plaintiff that he <u>must</u> dispute the debt *in writing* to preserve his right to receive verification of the debt.

Second, the letter fails to notify the Plaintiff that any portion of the debt can be disputed to trigger the

right to receive a verification.

As to the first violation, the court in *McCabe v. Crawford & Company*,[74] found a violation of §

1692g(a)(4) in a collection letter that read in relevant part:

> Unless we hear from you within thirty (30) days after the receipt of this
> letter disputing this claim, Federal Law provides that this debt will be
> assumed to be valid and owing. In the event you contact us and dispute

---

[72] *Baker*, 677 F.2d at 778.
[73] 15 U.S.C. § 1692g(a)(4).
[74] 272 F. Supp. 2d 736 (N.D. Ill. 2003).

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim.[75]

The court held that:

> Section 1692g(a) dictates that the debt collector shall send the consumer a written notice stating that upon *written* notification of a dispute, verification *must* be provided by the debt collector.  15 U.S.C. § 1692g(a)(4).  [Debt collector] correctly asserts that § 1692g(a)(4) does not expressly prevent the debt collector from providing verification of the debt upon *oral* notification of the dispute.  However, [debt collector] misses the point of the protection found in § 1692g(a)(4).  Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification.  If the debtor gives only oral notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.  See *Fasten v. Zager*, 49 F. Supp. 2d 144, 149 (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain verification upon oral notification of the dispute).  Thus, by omitting the words "in writing," [debt collector] did not effectively convey to the consumer his rights under the FDCPA and thus violated the Act.[76]

As to the second violation, the Ninth Circuit in *Baker v. G.C. Servs. Corp.*, found a violation of § 1692g(a)(4) in a collection letter that read in relevant part:

> Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days. Otherwise, the debt will be assumed to be valid.[77]

Construing this language the court held that:

> The clear language of the statute explicitly requires that a debtor shall be given notice that he may "dispute the validity of the debt, or any portion thereof . . . ." 15 U.S.C. § 1692g(a)(3).  "In construing a statute we are obliged to give effect, if possible, to every word Congress used."  *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 2331, 60 L. Ed. 2d 931 (1979).  Congress clearly required the notice to inform the debtor that he could dispute any portion of the debt.[78]

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. § 1692g(a)(4).

---

[75] *Id*. at 738.
[76] *Id*. at 743 (emphasis in original).
[77] *Baker*, 677 F.2d at 776.
[78] *Id*. at 778.

Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

### 4. The Complaint Sufficiently Alleges Facts to State a Claim Under 15 U.S.C. § 1692g(a)(5).

Defendant fully admits that, "The [letter] does not state that [Plaintiff] could, upon written request, obtain the name and address of the original creditor, if different from the current creditor."[79] Standing alone, this states a violation of 15 U.S.C. § 1692g(a)(5). Defendant argues that "there was no need to place the substance of 15 U.S.C. § 1692g(a)(5) because the information was already provided in the same writing."[80] Plaintiff disagrees. As stated above, the notice required by § 1692g(a)(5) must convey to the least sophisticated debtor:

> . . . a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.[81]

Defendant's argument that its collection letter provides, "the original creditor's name, the card name, the original card number, the date the card was opened, and further offers additional assistance, 'To help you identify this debt we have provided above the name and address of the original creditor and other information. If you need more information, just let us know.'"[82] However, the FDCPA does not provide that the debt collector may provide the original creditor information in lieu of the required § 1692g(a)(5) notice, nor is the statute ambiguous in this regard. Therefore, Defendant may not legitimately claim that it has complied with the FDCPA as a matter of law. To the extent Defendant is arguing that it has complied with the "spirit" of the statute, that determination is a question of fact, and not appropriate for a Motion to Dismiss. Even if the Court were to entertain Defendant's argument that providing original creditor information in the initial notice relieves a debt collector of the duty to

---

[79] Memorandum in Support of CFS II, Inc.'s Motion to Dismiss the Complaint (hereinafter "Motion to Dismiss") at ¶ 28.
[80] Motion to Dismiss at ¶ 29.
[81] 15 U.S.C. § 1692g(a)(5).
[82] Motion to Dismiss at ¶ 28.

- 13 -

include a § 1692g(a)(5) notice, Defendant in this case did not provide all the information contemplated by § 1692g(a)(5).  Specifically, Defendant's letter failed to include the address of the original creditor.

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. § 1692g(a)(5). Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

### 5. The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Dispute the Debt, In Violation of 15 U.S.C. §§ 1692e and 1692e(10).

15 U.S.C. § 1692e provides that, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

As discussed above, Defendant's letter fails to notify the least sophisticated debtor of his validation rights.  Therefore, Defendant's collection letter contains false representations which were made while attempting to collect a debt.  This states a violation of 15 U.S.C. §§ 1692e and 1692e(10).[83]

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. §§ 1692e and 1692e(10).  Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

### 6. The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Obtain Verification of the Debt, In Violation of 15 U.S.C. §§ 1692e and 1692e(10).

As discussed above, Defendant's letter fails to notify the least sophisticated debtor that he <u>must</u> dispute the debt *in writing* to preserve his or her right to receive verification of the debt.  Second, the letter fails to notify the least sophisticated debtor that any portion of the debt can be disputed to trigger

---

[83]  *See Vera v. Trans-Continental Credit & Collection Corp.*, 1999 U.S. Dist. LEXIS 3464, *10 (S.D.N.Y. Mar. 23, 1999) ("For essentially the same reasons that I conclude that the debt validation notice violates § 1692g(a)(3), I also conclude that the notice violates § 1692e(10)."); *Tipping-Lipshie v. Riddle*, 2000 U.S. Dist. LEXIS 2477, *10 (E.D.N.Y. Mar. 1, 2000) ("misleading validation notice violates both sections 1692g and 1692e(10)").

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

the right to receive a verification.

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. §§ 1692e and 1692e(10).  Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

**7. The Complaint Sufficiently Alleges That Defendant Misrepresented Plaintiff's Right to Obtain the Name and Address of the Original Creditor, If Different From the Current Creditor, In Violation of 15 U.S.C. §§ 1692e and 1692e(10).**

As discussed above, Defendant admits that it failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

Based on the foregoing, Plaintiff has sufficiently pled a violation of 15 U.S.C. §§ 1692e and 1692e(10).  Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

**8. Because the California RFDCPA Incorporates Most of the Provisions of the Federal FDCPA by Reference, a Determination That Defendant Violated the FDCPA Supports an Additional Award of Statutory Damages Under the RFDCPA.**

Defendant argues that Plaintiff has failed to state a claim under the California RFDCPA. However, the RFDCPA incorporates the federal FDCPA by reference.[84]   Therefore, a Complaint sufficiently alleges a violation of the FDCPA, also sufficiently alleges a violation of the RFDCPA. Therefore, Defendant's Motion to Dismiss should be denied as to this claim.

## IV.  CONCLUSION

Why would a debt collector feel the need to modify the validation notice in the way this debt collector has done?  It is fair to assume that there is some reason.  Could it be to confuse unsophisticated consumers about their rights "under a cover of technical compliance[?]"[85]

In judging the actions of a debt collector, we invariably ask whether the information it provided was or its actions were confusing or misleading.  Quite simply, we seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process.

---

[84]  Cal. Civil Code § 1788.17.
[85]  *Miller*, 943 F.2d at 485.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG

That goal—and, therefore, the least sophisticated debtor standard—is no less important or relevant when considering the actions of the debtor than when considering the actions of a debt collector.   Most important, **because the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk.  As we have oft repeated, it does not seem "unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line."**[86]

Plaintiff's Complaint has sufficiently alleged facts that, if established at trial, would entitle him to relief against Defendant for numerous violations of the FDCPA and RFDCPA, any one of which exposes Defendant to liability.   Defendant has failed to demonstrate that its collection letter complies with the requirements of the FDCPA and RFDCPA as a matter of law.   Further, Defendant acknowledges that "pursuant to the RFDCPA via California Code of Civil Procedure 1788.17, the substance of the FDCP A §§ 1692b to 1692k, [is] applicable as a matter of California state law."[87] Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety and find that Plaintiff's Complaint states claims upon which relief may be granted by this Honorable Court.


CONSUMER LAW CENTER, INC.


Dated:  April 23, 2012                    By: /s/ Fred W. Schwinn
                                                     Fred W. Schwinn, Esq.
                                                     Attorney for Plaintiff
                                                     BRUCE ALBERT JOHNSON

---

[86]   *Clark*, 460 F.3d at 1171-1172 (quoting *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965)) (internal citations omitted) (emphasis added).
[87]   Motion to Dismiss at ¶ 9.

MEMORANDUM OF POINTS AND AUTHORITIES          Case No. 5:12-CV-01091-LHK-PSG