Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
BRUCE ALBERT JOHNSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>CFS II, INC., an Oklahoma corporation,<br><br>             Defendant. | Case No. 5:12-CV-01091-LHK-PSG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION IN RESPONSE TO DISCOVERY REQUESTS**<br><br>[Fed. R. Civ. P. 37(a) and Civil L.R. 37]<br><br>Hearing Date:         February 19, 2013<br>Hearing Time:        10:00 a.m.<br>Hearing Judge:      Honorable Paul S. Grewal<br>Hearing Courtroom: 5, 4th Floor<br>Hearing Location:   280 South First Street<br>                               San Jose, California |

COMES NOW Plaintiff, BRUCE ALBERT JOHNSON ("JOHNSON"), by and through counsel Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits his Memorandum of Points and Authorities in Support of Motion to Compel Further Production of Documents and Electronically Stored Information in Response to Discovery Requests filed herewith.

Defendant, CFS II, INC. ("CFS II"), has failed to make a complete production to Plaintiff's First Request for Production of Documents Propounded to Defendant, CFS II, Inc. and Notice of Taking

---
- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. 5:12-CV-01091-LHK-PSG

<u>Deposition of Defendant CFS II, Inc.'s Designated Representative(s) Pursuant to Fed. R. Civ. P. 30(b)(6) by Stenographer and/or Videotape, Duces Tecum</u>.  Although CFS II has submitted discovery responses which state that it has produced all responsive documents in its possession, custody or control, there are many documents in CFS II's possession which have not been produced.  Pursuant to Fed. R. Civ. P. 37, CFS II's failure to produce all responsive documents has resulted in the necessity of this motion to compel.

## I. INTRODUCTION

On May 24, 2012, JOHNSON served on CFS II, by first-class mail, <u>Plaintiff's First Request for Production of Documents Propounded to Defendant, CFS II, Inc.</u>[1]  Thereafter, on or about October 9, 2012, CFS II served its <u>Supplemental Responses to Requests for Production of Documents</u>, which included boilerplate objections and an incomplete production.  In many instances, CFS II stated that "[a]ll documents in responding party's possession, custody or control are produced herewith."[2]

On September 24, 2012, JOHNSON served on CFS II, <u>Notice of Taking Deposition of Defendant CFS II, Inc.'s Designated Representative(s) Pursuant to Fed. R. Civ. P. 30(b)(6) by Stenographer and/or Videotape, Duces Tecum</u>, which included a request for production of documents pursuant to Fed. R. Civ. P. 30(b) and 34.[3]  Thereafter, on November 6, 2012, JOHNSON conducted the deposition of Bryan R. Lohmeyer, CFS II's Rule 30(b)(6) witness in Tulsa, Oklahoma.  CFS II produced no documents at this deposition.  Further, Mr. Lohmeyer testified about many documents in the possession of CFS II which, while responsive to JOHNSON's document requests, were not produced in discovery.[4]

On December 10, 2012, JOHNSON's counsel sent via fax to Robert C. Chandler, counsel for

---

[1] <u>Declaration of Fred W. Schwinn</u> at ¶ 3, Exhibit "A."
[2] <u>Declaration of Fred W. Schwinn</u> at ¶ 4, Exhibit "B."
[3] <u>Declaration of Fred W. Schwinn</u> at ¶ 5, Exhibit "C."
[4] <u>Declaration of Fred W. Schwinn</u> at ¶ 6, Exhibit "D."

CFS II in this matter, attempting to meet and confer and requesting production of all documents responsive to JOHNSON's document requests, including those documents identified by Mr. Lohmeyer at the Rule 30(b)(6) deposition.[5] Thereafter, on or about December 11, 2012, Mr. Chandler sent a letter in response to JOHNSON's December 10, 2012, meet and confer letter. In this letter, Mr. Chandler stated that he would supplement CFS II's document production by January 4, 2013.[6] Thereafter, on January 9, 2013, Mr. Chandler office sent an email wherein he stated that CFS II would supply supplemental responses by Friday, January 11, 2013.[7] However, no supplemental document production has been forthcoming at this time. The discovery cutoff in this case is January 18, 2013.

The Court should compel production of the requested documents pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 37-2. In support of this request, JOHNSON states as follows:

## II. POINTS AND AUTHORITIES

### A. DISCOVERY PRINCIPLES

JOHNSON is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."[8]

It is CFS II's burden to persuade the Court that the information and documents it has refused to provide are outside the broad scope of discovery.[9] The Court may not consider the merits of the action in ruling on discovery disputes.[10]

---

[5] <u>Declaration of Fred W. Schwinn</u> at ¶ 7, Exhibit "E."
[6] <u>Declaration of Fred W. Schwinn</u> at ¶ 8, Exhibit "F."
[7] <u>Declaration of Fred W. Schwinn</u> at ¶ 9, Exhibit "G."
[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).
[9] *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *U.S. v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975).
[10] *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958). *See also V.D. Anderson Co. v. Helena Cotton Oil Co.*, 117 F. Supp. 932, 945 n.9 (E.D. Ark. 1953) ("[I]t is no objection to an interrogatory that it relates to a defense or claim which is insufficient in law. It is not ordinarily the function of the court in passing upon objections to interrogatories to decide ultimate questions.").

---

**B.  JOHNSON'S DISCOVERY REQUESTS**

JOHNSON seeks a complete document production to the following requests for production:

**Requests for Production of Documents and ESI**

| Request | Response |
|---|---|
| Request for Production No. 6: All DOCUMENTS relating in any way to the alleged debt of Plaintiff and the collection thereof. | Response to Request for Production No. 6: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 18: All DOCUMENTS in Defendant, CFS II, INC.'s, possession sent to or received from Plaintiff which in any way relate to the debt owed by Plaintiff. | Response to Request for Production No. 18: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 19: All operation manuals or similar DOCUMENTS, etc., utilized by Defendant, CFS II, INC., relating to its compliance with the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) or 1692g(a)(5). | Response to Request for Production No. 19: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 20: All DOCUMENTS relating to the maintenance of procedures by Defendant, CFS II, INC., adapted to avoid any violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) or 1692g(a)(5). | Response to Request for Production No. 20: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 21: All operation manuals or similar DOCUMENTS, etc., utilized by Defendant, CFS II, INC., relating to its compliance with the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17. | Response to Request for Production No. 21: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 22: All DOCUMENTS relating to the maintenance of procedures by Defendant, CFS II, INC., adapted to avoid any violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17. | Response to Request for Production No. 22: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 23: All material, including video and audio tapes, pertaining to training by or for Defendant, CFS II, INC., and its employees regarding the federal Fair Debt | Response to Request for Production No. 23: All documents in responding party's possession, custody or control are produced herewith. |

| | |
|---|---|
| Collection Practices Act, 15 U.S.C. § 1692, *et seq.* | |
| Request for Production No. 24: All material, including video and audio tapes, pertaining to training by or for Defendant, CFS II, INC., and its employees regarding the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33. | Response to Request for Production No. 24: All documents in responding party's possession, custody or control are produced herewith. |
| Request for Production No. 25: A copy of the entire contents of the collection file maintained by Defendant, CFS II, INC., pertaining to the collection of the debt owed by Plaintiff to Tomi Enterprise. | Response to Request for Production No. 25: All documents in responding party's possession, custody or control are produced herewith. |

**Fed. R. Civ. P. 30(b) Deposition (Duces Tecum)**

| Request | Response |
|---|---|
| Document Request No. 2: All operation manuals or similar documents, etc., utilized by CFS relating to compliance with the Fair Debt Collection Practices Act. | Response to Document Request No. 2: None. |
| Document Request No. 3: All operation manuals or similar documents, etc., utilized by CFS relating to compliance with the Rosenthal Fair Debt Collection Practices Act. | Response to Document Request No. 3: None. |
| Document Request No. 4: All documents relating to the maintenance of procedures by CFS adapted to avoid any violation of the Fair Debt Collection Practices Act. | Response to Document Request No. 4: None. |
| Document Request No. 5: All documents relating to the maintenance of procedures by CFS adapted to avoid any violation of the Rosenthal Fair Debt Collection Practices Act. | Response to Document Request No. 5: None. |
| Document Request No. 12: All documents relating to the creation, modification, programming and use of any computer software and hardware used by CFS to receive, compile and/or maintain information on the Plaintiff's account. | Response to Document Request No. 12: None. |
| Document Request No. 13: All documents or lists which would contain or explain all abbreviations and codes, letters, numerals, or symbols regularly used by CFS in its records or collection activities. | Response to Document Request No. 13: None. |

### C. CFS II HAS ADDITIONAL DOCUMENTS WHICH IT HAS NOT PRODUCED

On November 6, 2012, JOHNSON conducted the deposition of Bryan R. Lohmeyer, CFS II's designated Rule 30(b)(6) witness. Although CFS II produced no documents at this deposition, Mr. Lohmeyer testified to the existence of several documents and electronically stored information ("ESI") responsive to JOHNSON's discovery requests which were not produced in response to JOHNSON's Request for Production of Documents or *Duces Tecum* Deposition Notice. The documents and ESI identified by Mr. Lohmeyer which have yet to be produced are as follows:[11]

1. Letter dated June 17, as identified at 16:6 and 16:20-25, presumably "second notice letter." As requested in Request for Production of Documents Nos. 6 and 18.

2. Additional data and evidence contained on the CFS II computer system which has not previously been produced, including "screen shots" as identified at 19:9-23; 20:7-10; 60:4-24; 70:19 to 71:24. As requested in Request for Production of Documents Nos. 6 and 25 and Deposition Notice No. 12.

3. The procedure for logging all collection efforts into the CFS II computer system as identified at 21:16 to 22:3. As requested in Request for Production of Documents Nos. 6 and 19-25 and Deposition Notice Nos. 2-5 and 12.

4. Procedures relating to CFS II's reading or memorizing a "script" as identified at 38:2-18, 67:4-16 and 69:7 to 70:3, and any other policies in CFS II's possession, custody or control related to CFS II's, written policies relating to FDCPA compliance and "QAD" procedures. As requested in Request for Production of Documents Nos. 19-24 and Deposition Notice Nos. 2-5.

5. Audio recordings of all telephone calls between CFS and JOHNSON's wife as identified at 38:21-25, 64:23 to 65:9, 66:12 to 67:3, 72:5-13, 74:2-7, and 77:15 to 78:10. As requested in Request

---

[11] All citations are to the deposition of Bryan R. Lohmeyer, excerpts of which are attached to the Declaration of Fred W. Schwinn as Exhibit "D."

for Production of Documents Nos. 6 and 25.

6. Letter dated June 6, 2011, as identified at 48:1-19. As requested in Request for Production of Documents Nos. 6, 18, and 25.

7. Email dated October 31, 2011, sent by Ashley Muglia as identified at 48:20 to 49:1. As requested in Request for Production of Documents Nos. 6, 18, and 25.

8. All "verification documents" as identified at 61:17 to 62:15. As requested in Request for Production of Documents Nos. 6, 18, and 25.

9. "ACH authorization" as identified at 80:4-80:15. As requested in Request for Production of Documents Nos. 6, 18, and 25.

10. Any procedures in existence prior to May 14, 2012, as identified at 83:11 to 84:13. As requested in Request for Production of Documents Nos. 19-24 and Deposition Notice Nos. 2-5.

### D. CFS II MUST PRODUCE ALL RESPONSIVE DOCUMENTS UNDER ITS POSSESSION, CUSTODY OR CONTROL

As previously stated, JOHNSON is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits."[12] All of the documents sought by JOHNSON relate to either the claims or defenses in this case. CFS II has made a considerable amount of telephone calls to JOHNSON's 76 year old wife, which it recorded. However, CFS II has failed to produce any of these audio recordings. Moreover, there are many letters, emails and other documents that CFS II has purportedly sent to JOHNSON which have not been produced in this case. Pursuant to Fed. R. Civ. P. 37(a)(4), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. It is clear that there are additional documents and ESI in CFS II's possession, custody or control which

---

[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

would be responsive to JOHNSON's discovery requests. However, CFS II has failed to make a complete document production. CFS II is therefore in violation of the Federal Rules of Civil Procedure and JOHNSON therefore requests the Court's assistance in enforcing his discovery rights pursuant to Fed. R. Civ. P. 37(a).

JOHNSON has attempted to informally resolve this discovery dispute both in person at the deposition of Bryan R. Lohmeyer[13] and through letters to opposing counsel.[14] Despite vague assurances of future performance, CFS II failed to supplement its document production for over two months.[15] In a case addressing the increasingly common practice of vague assurances that the requested material would be produced, but not actually producing them, the Central District of California noted:

> [S]ome attorneys comply with half of what Rule 34(b) requires - they file a written response, but do not agree to the requested time, place and manner of production, or, as Professor Wright suggests, propose a reasonable alternative method. Rather, they give the vague assurance that the requested documents will be produced "in the future at a mutually agreeable time and place." This practice assures continued wrangling and negotiating before the documents ultimately are produced, and usually, in the process, the party who was obligated to respond will insist upon extracting some reciprocal concession from the opposing party for doing that which Rule 34(b) already required him or her to do. This, of course, frequently derails the discovery process, because parties often wait to schedule depositions until after document production has occurred
> …
> However, those who practice this artifice should beware. Fed. R. Civ. P. 37(a)(3) provides that an evasive or incomplete answer or response to a discovery request, including a request for production of documents, "is to be treated as a failure to disclose, answer, or respond." Thus, a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond. In short, there are only three appropriate responses to a request for production of documents: (1) an objection to the scope, time, method and manner of the requested production; (2) an answer agreeing to the requested scope, time, place and manner of the production; or (3) a response offering a good faith, reasonable alternative production, which is definite in scope, time, place or manner.[16]

---

[13] <u>Declaration of Fred W. Schwinn</u> at ¶ 6.
[14] <u>Declaration of Fred W. Schwinn</u> at ¶ 7.
[15] <u>Declaration of Fred W. Schwinn</u> at ¶ 10.
[16] *Jayne H. Lee, Inc. v. Flagstaff Indust. Corp.*, 173 F.R.D. 651, 655-56 (C.D. Cal. 1997).

As the above discussion illiterates, the Federal Rules do not permit an assurance of production at an unspecified time and place, with no production actually forthcoming, as a valid response to a request for inspection.  Because vague assurances is all that was received from CFS II, JOHNSON is justified in seeking his reasonable attorney fees.  As shown above, JOHNSON has attempted to resolve this dispute in good faith for more than two months and the non-performance of CFS II is not justified.  JOHNSON is therefore entitled to the Court's assistance to enforce his discovery rights.

### III.  CONCLUSION

Because CFS II has failed to make a complete document production in response to JOHNSON's Request for Production of Documents and Deposition Notice *Duces Tecum*, JOHNSON has been forced to seek the Court's assistance in enforcing his discovery rights.  JOHNSON has attempted to informally resolve this discovery dispute for more than two months, but has been met with only vague assurances of future production by CFS II.  Because CFS II has identified additional documents under its possession, custody or control which have not previously been produced, CFS II is not justified in withholding these additional, responsive documents and ESI.  JOHNSON therefore requests an order from the Court ordering CFS II to make a full and complete document production.

CONSUMER LAW CENTER, INC.

Dated:  January 15, 2013            By:  /s/ Fred W. Schwinn
                                                  Fred W. Schwinn (SBN 225575)
                                                  12 South First Street, Suite 1014
                                                  San Jose, California  95113-2418
                                                  Telephone Number: (408) 294-6100
                                                  Facsimile Number: (408) 294-6190
                                                  Email Address: fred.schwinn@sjconsumerlaw.com

                                                  Attorney for Plaintiff
                                                  BRUCE ALBERT JOHNSON