# Exhibit "B"

```
CHANDLER, POTTER & ASSOCIATES
ATTORNEYS AND COUNSELORS AT LAW
Robert C. Chandler, Esq. (SBN 138266)
Ronn S. Potter, Esq. (SBN 210287)
Carla de Silveira, Esq. (SBN 227197)
3800 Orange Street, Suite 270
Riverside, CA 92501
T: (951) 276-3022
F: (951) 782-0230
rpotter@chandlerpotter-law.com

Attorneys for Defendant,
CFS II, INC.
```

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CLIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>        Plaintiff,<br>v.<br><br>CFS II, INC., et al.<br><br>        Defendants. | Case No.: 5:12-CV-01091-LHK-PSG<br><br>SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS |

**PROPOUNDING PARTY:** Plaintiff, BRUCE ALBERT JOHNSON

**RESPONDING PARTY:** Defendant, CFS II, INC.

    Defendant, CFS II, Inc., hereby provides supplemental responses to the Requests for Production of Documents propounded by Plaintiff, Bruce Albert Johnson, as follows:

///

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

It should be noted that this responding party has not fully completed the investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation for the trial. All of the answers contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and disclose only those contentions which presently occur to such responding party.

It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth. The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party subsequently discovers, or facts which this responding party may later recall.

Responding party accordingly reserves that right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way prejudice plaintiff in relation to further discovery, research or analysis.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR DOCUMENTS

**RESPONSE TO REQUEST NO. 1:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 2:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 3:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 4:**

Objection. This request seeks information which is overly broad in nature, burdensome, oppressive and violative of the attorney-client privilege and work-product doctrine. Notwithstanding this objection and without waiving this objection, responding party states as follows: All documents in responding party's possession, custody or control which responding party is currently aware of and intends to utilize at trial are produced herewith.

**RESPONSE TO REQUEST NO. 5:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 6:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 7:**

Objection. This request seeks information which is overly broad in nature, burdensome, oppressive, irrelevant to the subject matter of this litigation, vague and ambiguous as to the term "organizational chart."

**RESPONSE TO REQUEST NO. 8:**

After a diligent search and reasonable inquiry, responding party was not able to locate any documents responsive to this request in its possession, custody or control. Responding party states that documents responsive to this request do exist and responding party has made a request for such documents. All responsive documents will be produced when obtained by responding party.

**RESPONSE TO REQUEST NO. 9:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 10:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 11:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 12:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 13:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 14:**

Objection. This request seeks information which is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 15:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 16:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 17:**

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

After a diligent search and reasonable inquiry, responding party was not able to locate any documents responsive to this request in its possession, custody or control. Responding party states that documents responsive to this request do exist and responding party has made a request for such documents. All responsive documents will be produced when obtained by responding party.

**RESPONSE TO REQUEST NO. 18:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 19:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 20:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 21:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 22:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 23:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 24:**

All documents in responding party's possession, custody or control are produced herewith.

**RESPONSE TO REQUEST NO. 25:**

Objection. This request is overly broad in scope, and violative of the attorney-client privilege and work product doctrine.

**RESPONSE TO REQUEST NO. 26:**

Objection. This request seeks information which overly broad in scope, burdensome, vague and ambiguous as to the phrase "bona fide error defense" and is irrelevant to the subject matter of

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 27:**

Objection. This request seeks information which is overly broad in scope, burdensome, vague and ambiguous as to the phrase "bona fide error defense" and is irrelevant to the subject matter of this litigation and not likely to lead to the discovery of admissible evidence. Any unrelated litigation which may or may not exist has no bearing on this present matter.

**RESPONSE TO REQUEST NO. 28:**

Objection. This request seeks information which is over broad, burdensome, oppressive, vague and ambiguous as to the term "current balance sheet" and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 29:**

Objection. This request seeks information which is over broad, burdensome, oppressive, vague and ambiguous as to the term "financial documents" and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 30:**

Objection. This request seeks information which is over broad, burdensome, oppressive and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 31:**

Objection. This request seeks information which is over broad, burdensome, oppressive and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 32:**

Objection. This request seeks information which is over broad, burdensome, oppressive, vague and ambiguous as to the term "annual reports" and violative defendant's right of privacy, of the attorney-client privilege and work-product doctrine.

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 33:**

Objection. This request seeks information which is over broad, burdensome, oppressive and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 34:**

Objection. This request seeks information which is over broad, burdensome, oppressive, vague and ambiguous as to the term "credit applications" and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 35:**

Objection. This request seeks information which is over broad, burdensome, oppressive and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

**RESPONSE TO REQUEST NO. 36:**

Objection. This request seeks information which is over broad, burdensome, oppressive and violative of defendant's right of privacy, the attorney-client privilege and work-product doctrine.

DATED: 10/9/12

CHANDLER, POTTER & ASSOCIATES
ATTORNEYS AND COUNSELORS AT LAW

By: Ronn S. Potter, Esq.
Attorneys for Defendant,
CFS II, INC.

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF**

I have read the foregoing <u>SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u> and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am ☐ an Officer ☐ a partner _____ [X] a _____ of <u>In House Compliance Counsel for CFS II, Inc.</u>, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___10/9/12___, at ___Tulsa___, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<u>Saundra A. Burrus-Grimes</u>            *Saundra A. Burrus-Grimes*
Type or Print Name                              Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Type or Print Name                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                            Rev. 7/99

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the county of Riverside, state of California. I am over the age of 18 and not a party to this action. My business address is 3800 Orange Street, Suite 270, Riverside, California 92501.

On **October 9, 2012** I served the foregoing documents which are described as follows: **SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

Fred W. Schwinn, Esq.
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, CA 95113
(Attorneys for Plaintiff, BRUCE ALBERT JOHNSON)

I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under the practice it is deposited in the ordinary course of business with the U.S. Postal Service each same day with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date are more than one day after the date of deposit for mailing stated in the affidavit. I placed the above-referenced document(s) in an envelope for collection and delivery on the aforementioned date.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **October 9, 2012** at Riverside, California.

_____
~~Nicole Weigert~~ / Kim Jennison

8

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS