UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>               Plaintiff,<br>    v.<br><br>CFS II, INC. et al.,<br><br>               Defendants. | Case No.: CV 12-01091-LHK (PSG)<br><br>**ORDER GRANTING-IN-PART MOTION TO COMPEL FURTHER DOCUMENT PRODUCTION AND DENYING MOTION FOR SANCTIONS**<br><br>(**Re: Docket No. 35, 36**) |

## I. INTRODUCTION

In this consumer debt collection case, Plaintiff Bruce Albert Johnson ("Johnson") moves to compel documents from Defendant CFS II, Inc. ("CFS") and for sanctions. CFS opposes. The matter was submitted to the court without oral argument pursuant to Civil Local Rule 7-1(b). Having reviewed the papers and considered the arguments of counsel, Plaintiff's motion to compel is GRANTED-IN-PART. The motion for sanctions is DENIED.

## II. BACKGROUND

The court provides only those facts necessary to resolving the instant motions.

On May 24, 2012, Johnson served Plaintiff's First Request for Production of Documents. It appears that CFS provided responses some time after that, including Supplemental Responses to Requests for Production of Documents in October 2012.

Case No.: CV 12-01091-LHK (PSG)
ORDER

1

On September 24, 2012, Johnson served notice he wished to depose CFS' designated representative pursuant to Fed. R. Civ. P. 30(b)(6) and included an additional request for production of documents. On November 6, 2012, Johnson took the deposition of CFS' designated 30(b)(6) witness, Bryan R. Lohmeyer ("Lohmeyer"). During the deposition, it became clear to Johnson that there were outstanding documents responsive to Johnson's earlier document requests that had not been produced.[1] For example, CFS had not produced documents related to the procedures its employees used in collecting debt and audio recordings of all telephone calls between CFS and Johnson's wife.

On December 10, 2012, Johnson contacted CFS about the outstanding documents. The letter stated that while Johnson "remain[ed] committed to resolving these discovery disputes in good faith without resorting to motion practice before the court," the documents must be received by December 21, 2012, or Johnson would file a motion.[2] CFS responded the next day to acknowledge receipt of the letter and stated it was working on gathering the documents requested, including making copies of the recording.[3] CFS proposed that the documents be produced by January 4, 2013 in light of the upcoming holidays.[4] On January 9, 2013, however, CFS had not completed the production. CFS emailed Johnson to inform him that the discovery would be completed by the end of the day, but also that Lohmeyer had suffered a stroke and could no longer serve as a 30(b)(6) witness.[5] CFS also noted that production of the recording on an encrypted CD was taking longer than expected because of issues with the passcode. On January 15, 2013,

---

[1] *See* Docket No. 35, Ex. D.

[2] *See* Docket No. 40, Ex. 1.

[3] *See id.* at Ex. 2.

[4] *See id.*

[5] *See id.* at Ex. 3.

Case No.: CV 12-01091-LHK (PSG)
ORDER

2

Johnson filed the present motion to compel and accompanying motion for sanctions. On January 17, 2013, CFS finally produced the recordings through an encrypted CD.[6]

### III. LEGAL STANDARDS

Under Fed. R. Civ. P. 37, a party may move to compel discovery. The motion must include a certification that the moving party has conferred with the opposing party in good faith and failed to obtain the information without court action.[7]

Rule 37 also provides that if the motion is granted, the court must, after allowing an opportunity to be heard, grant sanctions in favor of the moving party against "the party or attorney advising that conduct," to pay "reasonable expenses incurred in making the motion, including attorney's fees."[8] However, the court must not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[9]

### IV. DISCUSSION

It appears from the parties' briefing that the discovery dispute is largely resolved. CFS' opposition makes clear that it has provided supplemental responses with the documents requested. Although Johnson acknowledges this fact in his reply, he points to several outstanding documents that still have not been produced. It appears that CFS has still not produced the following:[10]

(1) Audio recordings of telephone calls between Johnson's wife and CFS as identified in the deposition—Johnson identifies nine recordings but alleges only four were

---

[6] *See id.* at Ex. 11.

[7] *See* Fed. R. Civ. P. 37(a)(1).

[8] *Id.* subsection(a)(5).

[9] *Id.*

[10] *See* Docket No. 42 at 6.

Case No.: CV 12-01091-LHK (PSG)
ORDER

3

produced.[11]

(2) "Any responsive internal emails"—Johnson identifies only one possible email in his original motion, the email dated October 31, 2011 from Ashley Muglia.[12]

(3) The "ACH authorization."[13]

It is unclear which "responsive internal emails" Johnson refers to, and Johnson names no such category in his original motion, and so relief regarding this broad request is denied. As for the one identified email, audio recordings, and the ACH authorization, to the extent that they are still outstanding, CFS shall produce them no later than April 5, 2013. If CFS does not have these documents, CFS shall provide an explanation as to why they are no longer in its possession.

Turning to the motion for sanctions, it is not clear from the correspondence submitted to the court that Johnson met and conferred in good faith with CFS before filing his motion. Meet and confer is an important step before resorting to seeking court intervention, and the moving party's failure to do so may serve as a basis for denying discovery sanctions.[14] After Johnson identified outstanding documents at the deposition, over the course of the following weeks CFS kept Johnson informed as to the status of the production and produced documents as soon as it was able. Given certain inconveniences such as the illness of its 30(b)(6) witness and difficulties in copying the audio recordings, CFS was not able to produce all documents noticed in December until mid-January. At the same time, CFS expressed that it was willing to stipulate to an extended fact discovery period. Under such circumstances, the court is hard-pressed to say one side's actions were any more worthy of sanctions than the other. Accordingly, the motion for sanctions is denied.

---

[11] *See* Docket No. 35, Ex. D (Lohmeyer Deposition) at 38:21-25, 64:23-65:9, 66:12-67:3, 72:5-13, 74:2-7, 77:15-78:10.

[12] *See id.* at 48:20-49:1.

[13] *See id.* at 80:4-15.

[14] *See* Fed. R. Civ. P. 37.

Case No.: CV 12-01091-LHK (PSG)
ORDER
4

IT IS SO ORDERED.

Dated: April 1, 2013

                                                          _____
                                                          PAUL S. GREWAL
                                                          United States Magistrate Judge

Case No.: CV 12-01091-LHK (PSG)
ORDER

5