**CHANDLER, POTTER & ASSOCIATES**
Robert C. Chandler, Esq. (SBN 138266)
*RChandler@chandlerpotter-law.com*
3800 Orange Street, Suite 270
Riverside, CA 92501
T: (951) 276-3022
F: (951) 782-0230

Attorneys for Defendants:
CFS II, INC.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> CFS, II. INC, an Oklahoma corporation, <br><br> Defendants. | CASE NO. **5:12-CV-01091-LHK-PSG** <br><br> **JUDGE:** Hon. Lucy H. Koh <br><br> **OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Hearing** <br> **DATE:** November 7, 2013 <br> **TIME:** 1:30 p.m. <br> **CTRM:** 8, 4th Floor <br> **PLACE:** 280 South First Street <br> San Jose, CA |

The Defendants, CFS II, INC., (hereinafter referred to as "CFS II"), hereby oppose the Plaintiff, BRUCE ALBERT JOHNSON'S, Motion for Attorney's Fees and Costs.

This Opposition will be based on the attached Memorandum of Points and Authorities, the Supporting Declaration of Robert C. Chandler filed contemporaneously herewith and all documents records and pleadings on file, and any evidence and/or oral argument presented at the time of hearing on this matter.

DATED: June 14, 2013

**CHANDLER, POTTER & ASSOCIATES**
By: /s/ Robert C. Chandler
Robert C. Chandler, Esq.
Attorneys for Defendants, CFS II, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff, BRUCE ALBERT JOHNSON (hereinafter "Plaintiff"), filed a Motion for Attorney's Fees and Costs as a result of this Court ruling in his client's favor on the Motion for Summary Judgment that terminated the action. This Court ordered Statutory Damages totaling $1,500 for CFS II's violations of the Fair Debt Collection Practices Act and Cal. Civ. Code §§1788.17 and 1788.30. Plaintiff's Motion for Fees and Costs requests an astounding $48,297.50 in attorney's fees and $2,554.87 in costs. CFS II is requesting that this Court examine the reasonableness of this request in light of the statutory value of the case, the excessive hourly rate Plaintiff's counsel was charging, the duplicated entries, charges for non-attorney work time, the lack of verifiable support for the charges and the unreasonableness of some of the fees incurred.

It is also noteworthy that CFS II's counsel attempted to settle this matter with Plaintiff's counsel multiple times. At the outset of the case settlement negotiations broke down because Plaintiff's counsel demanded seven-times the amount of base damages in fees, even though that level of fees was absolutely unreasonable for the amount of time put in. Again, settlement negotiations broke down prior to the filing of the Summary Judgment Motion because Plaintiff's counsel was demanding $50,000 in attorney's fees to settle, which for the reasons set forth below, is entirely unreasonable. Again, after the Summary Judgment ruling, attorney's fees were again discussed and Plaintiff's counsel continued to request $50,000. This case has always been about the generation of excessive fees by Plaintiff's counsel and never about recovery for the actual Plaintiff. This litigation ensued solely for the financial benefit of the Plaintiff's counsel because CFS II was willing to compensate Plaintiff for their inadvertent wrongdoing from the outset, the only thing that prevented Plaintiff from being compensated was council's demands for excessive and unwarranted fees.

///

///

///

# ARGUMENT

### I. PLAINTIFF IS NOT ENTITLED TO RECOVER THE FULL AMOUNT OF FEES/COSTS REQUESTED BECAUSE THE AMOUNTS ARE UNREASONABLE DUE TO AN EXCESSIVE HOURLY RATE, DUPLICATE CHARGES, UNNECESSARY AND AVOIDABLE FEES/COSTS AND NON-ATTORNEY TIME.

Pursuant to the Fair Debt Collection Practices Act (FDCPA) the Plaintiff as the prevailing party is entitled to recover *reasonable* attorney's fees and costs as determined by the Court. 15 U.S.C. §1692k(a)(3)(emphasis added). Traditionally, the Lodestar approach is used to calculate an attorney's fees award. The Lodestar approach calls for the multiplication of the reasonable hourly rate by the amount of hours reasonably spent. Friend v. Kolodzieczak (9th Cir. 1995) 72 F.3d 1386, 1389.

Here, CFS II takes issue with the amount of fees/costs that Plaintiff is seeking to recover for the following reasons:

**(A) Hourly Rates Charged Are Excessive And Unreasonable**

As set forth above, the Lodestar analysis calls for a "reasonable" rate of attorney's fees to be calculated against a "reasonable" number of hours spent. The Court in Aslam v. Malen & Associates, P.C. found that an attorney practicing in the area of FDCPA law since 2003 that was trying to collect an award based on a $425 hourly rate was only entitled to an hourly rate of $250 even though a "significant part" of the attorney's practice was devoted to FDCPA work. Aslam v. Malen & Associates, P.C. (2nd Cir. April 1, 2009) 699 F. Supp.2d 275.

Here, Plaintiff's counsel concludes that his fees are reasonable and bases his conclusion on the declaration of his expert, Ronald Wilcox. What is noteworthy is that Mr. Wilcox charges only $50 more per hour than Plaintiff's counsel, he has been licensed in California for nearly 8 years longer than Mr. Schwinn and he has tried multiple cases that resulted in published opinions. The breadth of Mr. Wilcox experience goes well beyond that of Mr. Schwinn and therefore it is inappropriate to base Mr. Schwinn's rate on Mr. Wilcox's experience level. For the same reasons Raeon Raulston's hourly rate is also excessive.

Additionally, while CFS II specifically disputes that Mr. Schwinn's law-clerk should be

part of the fees award at all, the hourly rate of $175 for a law clerk is completely unjustified. There is no basis for the same provided in the moving papers.

As set forth in the declaration of Robert C. Chandler, given his breadth of experience and expertise in this area of law, he believes that $250 is the reasonable hourly rate for Mr. Schwinn. Given that Mr. Schwinn has not sufficiently established that his $400 hourly rate is reasonable, CFS II requests that his rate be reduced to $250 per hour for Mr. Schwinn's time and accordingly $200 maximum for the time of Mr. Raulston's time and zero for the law-clerk's time.

**(2) Duplicate Charges Not Allowed**

It should go without saying that it is not reasonable for an attorney to charge for the same thing twice. However, the billing statements submitted by Mr. Schwinn do just this as follows:

    **i.**     **Duplicate for Opposition to Motion to Dismiss**

On 4/20/12 Mr. Schwinn billed:
4.3 hours for Drafting Documents
Memorandum of Points and Authorities in Opposition to CFS II, Onc's Motion to Dismiss the Complaint [sic].

***This is an exact duplicate (with the same typo/error) as the entry made on 4/21/12 for:***

6.3 hours for Drafting Documents
Memorandum of Points and Authorities in Opposition to CFS II, Onc's Motion to Dismiss the Complaint [sic].

    **ii.**     **Validation Notice Address Duplication**

9/9/12 2.3 hours for "Research Validation notice sent to wrong address"

Yet, the same issue had been resolved already as reflected in the billing:

6/15/12 .10 hours Telephone call Erna Johnson – Re: They never lived at the Stonewood Lane address.

Clearly the 2.3 hours spent in 9/9/12 was duplication of the effort already expended in June of the same year and it had already been resolved quickly. If the efforts were different, that is not supported or reflected in the billing statement.

///

///

///

---

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR FEES AND COSTS

- 4 -

  iii. **Travel Expenses for Deposition**

  While CFS II objects to any travel expenses charged against them because of CFS II's willingness to travel to California to attend their deposition, notwithstanding that issue, the travel time and deposition attendance time was charged *in duplicate* as follows:

  11/07/12 15.0 hours Travel time to San Jose, CA from Tulsa, Oklahoma – Re: Deposition of Bryan R. Lohmeyer (Rule 30(b)(6) witness).

  The exact same charge is again stated as:

  11/8/12 15.0 hours Travel time to San Jose, CA from Tulsa, Oklahoma – Re: Deposition of Bryan R. Lohmeyer (Rule 30(b)(6) witness).

**(2) Travel Expenses Improper**

Consumers were not entitled to recover travel-related expenses, as successful plaintiffs in actions alleging that debt collector violated the FDCPA, where debt collector was a company with a national presence, and travel expenses of consumers' counsel were result of consumers' choice to litigate the cases in the Southern District of New York while being represented by a law firm based in Pennsylvania. Ryan v. Allied Interstate, Inc. (2012 S.D.N.Y.2012) 2012 WL 3217853.

Here, CFS II communicated its willingness to have their witness travel to San Jose, California to minimize the deposition expense to Plaintiff. However, Plaintiff's counsel insisted on making the trip to Oklahoma to depose CFS II's witness there. As such, the travel expense, including the costs and fees associated with the same, was incurred entirely at the choice of Plaintiff and/or Plaintiff's counsel and as such those travel-related expenses should be borne by Plaintiff and/or Plaintiff's counsel.

**(3) Many Fees Are The Result Of Efforts By Plaintiff's Counsel To Unnecessarily Increase Fees.**

The paramount principal for an award of fees is that those fees were reasonable. CFS II advances that the following fees were unreasonable and therefore Plaintiff is not entitled to an award of the same.

  i. 1/17/12 2.0 Hours Drafting Documents
    Settlement Agreement and Mutual Release

  This is concerning because the initial meeting with the Plaintiff is billed as

taking place on March 8, **2011** and then nothing happened between then and the date the Settlement was apparently drafted. No communication regarding settlement, no communication to CFS II about this settlement, etc. Therefore this charge is inappropriate.

ii. 10/20/12 3.3 Hours Review File
Prepare for Rule 30(b)(6) Deposition

The deposition itself only lasted 2.5 hours and therefore more information is needed to justify this expense given the fact that it exceeded the time of the deposition.

iii. 12/8/12 3.6 Hours Reviewing Documents
Read and summarize the transcript for the deposition of Bryan R. Lohmeyer (Rule 30(b)(6) witness).

The deposition itself only lasted 2.5 hours and therefore more information is needed to justify this expense given the fact that it exceeded the time of the deposition.

iv. 1/15/13 4.0 hours Drafting Documents
Motion to Compel Further Production of Documents and Electronically Stored Information in Response to Discovery Requests.

AND

1/15/13 1.0 hours Drafting Documents
Motion for Discovery Sanctions

AND

2/13/13 3.3 hours Receive and Review
Reply Memorandum of Points and Authorities in Support of Motion to Compel Further Production of Documents and Electronically Stored Information in Response to Discovery Requests and Motion for Sanctions.

Plaintiff's counsel failed and refused to meet and confer regarding the need for filing the motion to compel and/or to otherwise negotiate production items and timing. Further, Plaintiff was already drafting the Motion for Summary Judgment so securing these documents was not pertinent to his prosecution of the matter; it was only pertinent to increasing his fees.

   v.  <u>1/25/13 to 2/18/13 21.9 hours Motion for Summary Judgment</u>

Plaintiff amassed a number of billing entries related to the filing of the Motion for Summary Judgment. However, it was not reasonable for him to spend such an excessive amount of time on the motion when a trial on the matter would have taken less than four hours. Therefore, although Plaintiff ultimately prevailed on the Motion, the fees incurred were excessive because a trial would have been more cost-effective and reasonable given the amount of time it takes to draft a Motion for Summary Judgment.

## CONCLUSION

In sum, CFS II respectfully requests that this Court reduce the hourly rate chargeable by Mr. Schwinn to $250 and his associates/support staff accordingly. Further, as a result of all of the excessive fees and costs, CFS II asks this Court to reduce the number of hours for which Plaintiff's counsel will be compensated and to disallow any and all claims for costs that were associated with Plaintiff's travel expense given that they were incurred only at the behest of Plaintiff's counsel.

DATED: June 14, 2013

**CHANDLER, POTTER & ASSOCIATES**

**By:** /s/ Robert C. Chandler

  Robert C. Chandler, Esq.
  Attorneys for Defendants, CFS II, Inc.

**PROOF OF ELECTRONIC SERVICE**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the county of Riverside, state of California. I am over the age of 18 and not a party to this action. My business address is 3800 Orange Street, Suite 270, Riverside, California 92501.

On **June 14, 2013** I served the following documents described as:

**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS; AND MEMORANDUM OF POINTS AND AUTHORITIES**

By ELECTRONIC MAIL TRANSMISSION from ckralovic@att.net on **June 14, 2013** by transmitting a PDF format copy of such document(s) to each such person(s) at the email address listed below at the email address listed below their physical addresses. The document(s) were transmitted by electronic transmission and such transmission was reported as complete and without error.

Fred W. Schwinn, Esq.
12 South First Street, Suite 1014
San Jose, CA 95113-2418
fred.schwinn@sjconsumerlaw.com

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **June 14, 2013** at Riverside, California.

_____
Carla R. Kralovic

---

Defendants' Opposition to Plaintiff's Motion for Fees and Costs

- 8 -