UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>　Plaintiff,<br>　　v.<br><br>CFS II, INC., an Oklahoma corporation,<br><br>　Defendant. | Case No.: 12-CV-01091-LHK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

Before the Court is Defendant CFS II, Inc.'s ("CFS") Motion for Leave to File Motion for Reconsideration of this Court's Order granting summary judgment in favor Plaintiff Bruce Albert Johnson ("Johnson"). ECF No. 69. Johnson opposes the Motion, ECF No. 73, and CFS replies, ECF No. 74. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES CFS's Motion for Leave to File.

**I.    BACKGROUND**

This action arises out of violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.*, that CFS committed while attempting to recover an alleged debt from Johnson. *See* ("MSJ Order") ECF No. 60 at 1-2. On April 28, 2013, the Court entered an Order granting Johnson's Motion for Summary Judgment and awarding Johnson $5100.00 in damages. *Id.* at 18. The Clerk of the Court entered judgment pursuant to Federal Rule of Civil Procedure 58(d) on May 31, 2013. ECF Nos. 61, 62.[1]

---

[1] Also on May 31, 2013, Johnson filed a Motion for Attorney's Fees and Costs. ECF No. 64. The Court resolves that Motion in a separate order.

1

Case No.: 12-CV-01091-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

On November 5, 2013, CFS filed the instant Motion for Leave to File a Motion for Reconsideration. ("Mot.") ECF No. 69. Johnson submitted an Opposition on November 8, 2013, ("Opp'n") ECF No. 73, and CFS replied on November 20, 2013, ("Reply") ECF No. 74.

## II. DISCUSSION

### A. CFS May Not Seek Reconsideration Under Civil Local Rule 7-9.

CFS purports to move for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9. *See* Mot. at 1. Rule 7-9 states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Civ. Loc. R. 7-9(a). CFS claims that reconsideration is warranted under subsection (b)(3) of Rule 7-9, which provides for reconsideration in the case of "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Mot. at 1-2.

As the Rule's plain text makes clear, Rule 7-9 applies to motions seeking reconsideration of *interlocutory* orders. The Rule does not apply after the Court has entered final judgment. *See, e.g.*, *Lucas v. Silva*, No. 07-1673, 2012 WL 761724, at *1 (N.D. Cal. Mar. 8, 2012); *Nidec Corp. v. Victor Co. of Japan*, No. 05-0686, 2007 WL 4108092, at *3 (N.D. Cal. Nov. 16, 2007). Accordingly, CFS's Motion for Leave to File is not properly brought under Local Rule 7-9.[2]

### B. CFS Has Not Met the Standard for Reconsideration Under Federal Rule of Civil Procedure 60(b).

CFS further asserts that it can seek reconsideration under Federal Rule of Civil Procedure 60(b). Mot. at 2. Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."

---

[2] The Court notes that even if it were to consider CFS's Motion under Rule 7-9, the Court would deny the Motion for the same reasons the Court denies the Motion under Federal Rule of Civil Procedure 60(b). *See infra* Part II.B.

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks omitted). CFS relies on Rule 60(b)(6), which is a catchall provision that allows a court to grant reconsideration in an effort to prevent manifest injustice. *See United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*.

Although CFS contends that "extreme injustice" will result if reconsideration is not granted, Mot. at 3, the Court finds that CFS has failed to show any circumstances warranting relief under Rule 60(b)(6) or any other prong of Rule 60(b). CFS argues that the Court's grant of summary judgment was erroneous because (a) the Court's MSJ Order relied on "hearsay" statements by Johnson, and (b) there was an inadequate evidentiary basis for the Court's decision to award Johnson treble damages. *See id.* at 3-7. Setting aside whether either of CFS's objections to the Court's MSJ Order has merit, CFS offers no explanation whatsoever as to why it did not raise these arguments in its Opposition to Johnson's Motion for Summary Judgment. *See* ECF No. 43. Johnson relied on the supposed "hearsay" statements and requested treble damages in his Motion for Summary Judgment, ECF No. 41-1 at 11-12, 21-22, and thus CFS was clearly on notice as to both these issues at the time CFS filed its Opposition to Summary Judgment. As CFS has provided no explanation for its failure to raise these objections to Johnson's evidence earlier, the Court concludes that this case does not present a risk of manifest injustice. *Accord Alpine Land & Reservoir*, 984 F.2d at 1049 (Rule 60(b)(6) "relief is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief"). The Court thus DENIES reconsideration pursuant to Rule 60(b)(6).[3]

### III. SUPPLEMENTAL AWARD OF ATTORNEY'S FEES

Johnson seeks a supplemental award of attorney's fees for 3.0 hours that Johnson's counsel, Fred W. Schwinn ("Schwinn"), spent reviewing and responding to CFS's Motion for Leave to File.

---

[3] Although CFS does not move for reconsideration under Federal Rule of Civil Procedure 59(e), the Court notes that a Rule 59(e) motion would be untimely, as it was not filed within 28 days of the entry judgment. Fed. R. Civ. P. 59(e).

3
Case No.: 12-CV-01091-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Opp'n at 7; ECF No. 72 ¶ 3. CFS does not respond to this request. The Court concludes that a supplemental award of fees is warranted; however, the Court declines to award fees using Schwinn's requested hourly rate of $450 per hour. ECF No. 72 ¶ 3. In Johnson's Motion for Attorney's Fees and Costs, Schwinn seeks an hourly rate of only $400 per hour, *see* ECF No. 64-2 at 3-4, and neither Johnson's Opposition to CFS's Motion for Leave to File nor Schwinn's declaration in support of the supplemental fee request explains or justifies why Schwinn seeks an additional $50 per hour in relation to the instant Motion. Accordingly, the Court will award Johnson additional fees in the amount of $1200.00 (3.0 hours × $400.00).

**IT IS SO ORDERED.**

Dated: December 19, 2013

_____
LUCY H. KOH
United States District Judge

4
Case No.: 12-CV-01091-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION