UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRUCE ALBERT JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>CFS II, INC., an Oklahoma corporation,<br><br>  Defendant. | Case No.: 5:12-CV-01091-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

    Plaintiff Bruce Albert Johnson ("Johnson") brings this Motion for Attorney's Fees and Costs, ("Mot.") ECF No. 64-2, following an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 *et seq.* Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Johnson's Motion for Attorney's Fees and Costs.

### I. BACKGROUND

This action arose out of an attempt by Defendant CFS II, Inc. ("CFS") to collect a debt allegedly owed by Johnson on a consumer credit account issued by US Bank. ("MSJ Order") ECF No. 60 at 1. The debt was assigned to a creditor that hired CFS to collect the debt. *Id.* at 1-2. In an attempt to collect the alleged debt from Johnson, CFS sent a collection letter dated September 30, 2010 to 2032 Stonewood Lane, San Jose, California. *See* ("Sept. 30, 2010 letter") ECF No. 41-6 Ex. C at 14. The collection letter reads, in relevant part:

> Unless you notify this office within thirty (30} [*sic*] days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*. The Court found in its MSJ Order that CFS sent its September 30, 2010 letter to an incorrect address, as Johnson had never resided at 2032 Stonewood Lane in San Jose, California and had never received mail at this address. MSJ Order at 10-11.

"After sending the September 30, 2010 letter, CFS sought unsuccessfully to contact Johnson by telephone." *Id.* at 2. On January 17, 2011, a CFS employee placed a call to a "wrong number" and learned that this was the second call the individual who answered the phone had received for the "wrong Bruce A. Johnson." *Id.* The CFS collection log shows that on February 23, 2011, CFS learned that the residence to which CFS sent the September 30, 2010 letter was "sold to the Morelands" at least four years prior and that Johnson was not a renter at the house. *Id*. at 2-3. On or about March 3, 2011, the CFS collection log indicates that CFS obtained a different address for Johnson. *Id*. at 3.

On or about March 4, 2011, CFS "re-sent" the first collection letter to Johnson, this time to 275 Burnett Avenue SPC 115, in Morgan Hill, California. *See* ("March 4, 2011 letter") ECF No.

2
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

41-6 Ex. C at 15. The March 4, 2011 letter differs from the September 30, 2010 letter in certain respects and, in lieu of the above-cited passage, states as follows:

> To help you identify this debt we have provided above the name and address of the original creditor and other information. If you need more information, just let us know. Also, if you believe this is not your debt, that the amount is wrong, or if there is something else that may make the debt invalid, please tell us you dispute the debt. If you tell us of your dispute within 30 days of your receipt of this letter, we will avoid contacting you until we send written verification of the debt or a copy of any applicable judgment. If you do not tell us you dispute the debt then we will assume the debt is valid.

*Id*. On March 8, 2011, Johnson sent a "validation request letter" from the Morgan Hill address to CFS, requesting that a copy of the debt verification be sent to him. *See* ECF No. 43 Ex. 2.

Johnson filed a Complaint in this action on March 5, 2012. ("Compl.") ECF No. 1. The Complaint alleged that the March 4, 2011 letter violated the FDCPA, 15 U.S.C. §§ 1692 *et seq*., and the RFDCPA, Cal. Civ. Code §§ 1788.17 *et seq.* Compl. ¶¶ 23-24.

CFS moved to dismiss the Complaint on April 9, 2012. ECF No. 5. On April 23, 2012, Johnson filed his Opposition to CFS's Motion to Dismiss. ECF No. 10. Thereafter, on May 1, 2012, CFS withdrew its Motion to Dismiss the Complaint. ECF No. 12.

On May 3, 2012, CFS filed its Answer to Johnson's Complaint. ECF No. 13. On May 24, 2012, Johnson responded by filing a Motion to Strike affirmative defenses asserted in CFS's Answer. ECF No. 17. On June 7, 2012, CFS filed its First Amended Answer to Complaint. ECF No. 18. In response, Johnson withdrew his Motion to Strike Affirmative Defenses without prejudice and stated no opposition to CFS' First Amended Answer. ECF No. 28.

On January 15, 2013, Johnson filed a Motion to Compel Further Production of Documents and Electronically Stored Information in Response to Discovery Requests. ECF No. 35. On that same day, Johnson also filed a Motion for Discovery Sanctions. ECF No. 36. CFS opposed both Motions, ECF Nos. 38, 39, and Johnson replied, ECF No. 42. On April 1, 2013, Magistrate Judge Grewal entered an Order granting in part Johnson's Motion to Compel. ECF No. 46.

On January 31, 2013, Johnson filed a Motion for Summary Judgment, or in the Alternative, Summary Adjudication. ECF No. 41. CFS filed its Opposition on February 14, 2013, ECF No. 43, and Johnson filed his Reply on February 18, 2013, ECF No. 45. The Court heard oral argument on Plaintiff's Motion on April 18, 2013. ECF No. 53. On April 28, 2013, the Court granted Johnson's Motion for Summary Judgment. MSJ Order. In the MSJ Order, the Court ordered the parties to meet and confer by May 15, 2013, to explore resolution of Johnson's attorney's fees request. *Id.* at 18. The Court further ordered that, if the parties were unable to reach a resolution, Johnson would file a motion for attorney's fees and costs. *Id.*

Because the parties were not able to agree on reasonable attorney's fees and costs, Johnson filed the instant Motion for Attorney's Fees and Costs on May 31, 2013. ECF No. 64. CFS filed an Opposition to this Motion on June 14, 2013. ("Opp'n") ECF No. 65. Johnson filed a Reply on June 21, 2013. ("Reply") ECF No. 67.

## II.   LEGAL STANDARD

The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

As the Ninth Circuit acknowledges, "[t]he FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Courts in the Ninth Circuit calculate an award of attorney's fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (internal quotation marks omitted).

A party seeking attorney's fees bears the burden of demonstrating that the rates requested are "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing

4

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

*Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Typically, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "'The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits.'" *Camacho*, 523 F.3d at 980 (alterations in the original) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

## III. DISCUSSION

Johnson seeks $52,297.50 in attorney's fees and $1729.62 in costs,[1] for a total award of $54,027.12. *See* Mot. at 3-4; Reply at 15. To support this amount, Johnson provides an itemized invoice detailing the services rendered by his attorneys from March 8, 2011 to May 31, 2013; the hours worked in rendering those services, broken down by task; and the hourly rate billed by the attorney performing a particular task. *See* ("Invoice") ECF No. 64-4. This invoice represents that between March 8, 2011 and May 31, 2013, Johnson was billed the following amounts by the Consumer Law Center, Inc. for work performed by two attorneys, Fred W. Schwinn ("Schwinn") and Raeon R. Roulston ("Roulston"), and one law clerk, Matthew C. Salmonsen ("Salmonsen"):

---

[1] Johnson seeks total costs of $2,567.07. Mot. at 4. However, the Clerk of the Court has already granted Johnson's request for $837.45 in costs. ECF No. 68. This amount covers the filing fee, fees for service of summons and subpoena, and transcript fees. *Id.* As these costs are duplicative of costs that make up Johnson's $2,567.07 costs request, *see* ECF No. 64-3 ¶ 15, the Court reduces its own costs award to avoid duplicating costs already approved by the Clerk.

5
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Fred W. Schwinn | $400 per hour | 106.4[2] | $42,560.00 |
|  | $200 per hour (travel time) | 36.0 | $7,200.00 |
| Raeon R. Roulston | $300 per hour | 7.0 | $2,100.00 |
| Matthew C. Salmonsen | $175 per hour | 2.5 | $437.50 |
| **Total** |  | **151.9** | **$52,297.50** |

*See id.*; Mot. at 3-4; Reply at 15.

CFS agrees that Johnson is entitled to reasonable attorney's fees and costs under the FDCPA, but disputes the amount Johnson should recover. Opp'n at 3. In particular, CFS argues that: (1) Johnson's counsel has made duplicative or excessive charges; (2) the hourly rates of Johnson's counsel are excessive; and (3) Johnson's counsel should not be compensated for travel time or costs. *Id.* at 3-7. For the reasons discussed below, the Court awards Johnson $51,140.00 in attorney's fees and $1729.62 in costs, for a total award of $52,869.62.

### A.   Duplicative or Excessive Charges

Johnson claims that Schwinn has expended 142.4 hours and that Roulston has expended 7.0 hours on this matter. Mot. at 3-4; Reply at 15. CFS argues that the number of Johnson's claimed hours should be reduced because they are either (1) duplicative or (2) excessive. Opp'n at 4-7. The Court addresses each argument in turn.

#### 1.   Duplicative Charges

CFS identifies several potentially duplicative charges in Johnson's invoice of billable charges: (1) duplication related to drafting the Opposition to CFS's Motion to Dismiss; (2)

---

[2] This figure includes time spent reviewing CFS's Opposition to the Motion for Attorney's Fees and Costs and preparing the Reply. *See* Reply at 15. An FDCPA plaintiff may recover reasonable fees for "time spent in establishing the entitlement to and amount of the fee." *Camacho*, 523 F.3d at 981 (internal quotation marks omitted). The Court addressed Johnson's request for an award of additional fees in relation to CFS's Motion for Reconsideration, *see* ECF No. 72, in a separate order resolving that motion. ECF No. 76.

6

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

duplication related to hours expended on the issue of whether the September 30, 2010 letter was sent to the wrong address; and (3) duplication of travel expenses. *Id.* at 4-5.

CFS first asserts that Schwinn double billed for work drafting Johnson's Opposition to CFS's Motion to Dismiss on April 20, 2012 and April 21, 2012. *Id.* at 4. CFS bases this assertion on the fact that the same typographical error appears in both entries to the invoice of billable hours. *Id.*; *see* Invoice at 3 (misspelling "Inc.'s" as "Onc's" in both entries). Johnson responds that the entries on April 20 and 21 are not duplicative and that Schwinn worked on the Opposition to CFS's Motion to Dismiss on both days. Reply at 5. The Court accepts this explanation. For one thing, the number of hours billed for this task were different on the two days, which suggests that the charges are distinct. *See* Invoice at 3. Moreover, the total time spent drafting the Opposition to CFS's Motion to Dismiss, 10.6 hours, is reasonable.

CFS next asserts that Schwinn double billed for his work researching the issue of whether the September 30, 2010 letter was sent to the wrong address. *See* Opp'n at 4; *see also* Invoice at 4, 7 (showing one entry for .1 hours on June 15, 2012 for "Telephone call Erna Johnson—Re: They never lived at the Stonewood Lane address," and another entry for 2.3 hours on September 9, 2012 for "Research Validation notice sent to wrong address"). Johnson explains in his Reply that the September 9 entry reflects time spent doing legal research on the issue of validation notices sent to the wrong address, while the June 15 entry reflects time spent calling and verifying that Johnson had never lived at 2032 Stonewood Lane, San Jose, California. Reply at 5. The plain text of the invoice entries confirms this explanation. Invoice at 4, 7. Thus, the Court concludes that the June 15, 2012 and September 9, 2012 charges are not duplicative.

CFS finally asserts that Schwinn made duplicative bills for travel expenses dated November 7 and 8, 2012. Opp'n at 5. Johnson responds that, as with the Opposition to CFS's Motion to Dismiss discussed above, CFS misreads entries for work done over two days as duplicative entries.

7

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

Reply at 5-6. The Court is similarly unpersuaded by CFS's contention that Schwinn's travel expense entries are duplicative.

### 2. Excessive Charges

CFS argues that some of Johnson's legal fees are "excessive" or "unreasonable" and thus, that the Court should either reduce or eliminate these fees. Opp'n. at 3, 5-7. CFS identifies the following fees as excessive or unreasonable:

(1) 2.0 hours to prepare a settlement agreement and mutual release

(2) 3.3 hours to prepare for a Rule 30(b)(6) deposition

(3) 3.6 hours reviewing and summarizing the deposition transcript of the Rule 30(b)(6) witness

(4) 4.0 hours drafting motion to compel further discovery production

(5) 1.0 hour drafting motion for discovery sanctions

(6) 3.3 hours to receive and review reply to motion to compel[3]

(7) 21.9 hours drafting motion for summary judgment

*Id.*; *see also* Invoice at 1-12.

The Court reviews each objection raised by CFS to determine whether CFS has met its burden to rebut the reasonableness of the hours claimed by Johnson. *Camacho*, 523 F.3d at 980. In addition, the Court reviews the reasonableness of the hours expended by Salmonsen in videotaping the deposition of Bryan Lohmeyer ("Lohmeyer"), CFS's Rule 30(b)(6) witness.

CFS seeks to exclude 2.0 hours that Schwinn spent drafting a settlement agreement on January 17, 2012. Opp'n at 5-6. Johnson concedes that the January 17, 2012 entry is erroneous and instead should reflect 0.2 hours on July 12, 2012 for drafting a settlement agreement. Reply at 7.

---

[3] This entry appears to contain an error. The entry likely meant to state "drafting" Reply to Motion to Compel rather than "receive and review" since Johnson himself submitted the Reply in Support of the Motion to Compel. No other entry accounts for the time Schwinn expended drafting the Reply in Support of the Motion to Compel, and consequently, the Court does not refuse to credit this entry on the basis of this erroneous description.

8
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

1   Johnson requests that the Court reduce the attorney's fees award by 1.8 hours accordingly. *Id*. The
2   final award reflects this adjustment.

3   CFS next seeks to exclude 3.3 hours Schwinn spent preparing to depose Lohmeyer because
4   the deposition itself lasted only 2.5 hours. Opp'n at 6. The Court concludes that this charge is
5   reasonable. The Lohmeyer deposition was the only deposition taken in this case, and the Court
6   relied heavily on this deposition in ruling on the Motion for Summary Judgment. *See* Reply at 8;
7   MSJ Order at 2, 3, 9, 13, 16, 17.

8   CFS also seeks to exclude 3.6 hours Schwinn expended reviewing and summarizing the
9   Lohmeyer deposition transcript because, again, the deposition itself took only 2.5 hours. Opp'n at
10  6. Johnson argues that 3.6 hours to review and summarize the Lohmeyer deposition was reasonable
11  because, while the deposition only lasted 2.5 hours, the resulting transcript was 85 pages in length.
12  Reply at 8. The Court agrees with Johnson. CFS identifies no rule that time spent preparing for or
13  reviewing a deposition must not exceed the time spent actually taking the deposition, and given the
14  importance of the Lohmeyer deposition to Johnson's case and the fact that it was the only
15  deposition, the Court sees nothing unreasonable or excessive about this charge.

16  CFS seeks to exclude 4.0 hours for drafting a Motion To Compel Further Discovery
17  Production, 1.0 hour for drafting a Motion for Discovery Sanctions, and 3.3 hours to draft a Reply
18  in Support of the Motion to Compel, because CFS claims that Johnson's counsel refused to meet
19  and confer on issues that arose in the course of discovery and because the documents were not
20  necessary to Johnson's Motion for Summary Judgment. Opp'n at 6. Johnson responds that the
21  Motion to Compel was necessary to ensure that Johnson did not waive his right to discovery and
22  that Johnson would have the proper discovery for trial had he not prevailed on his Motion for
23  Summary Judgment. Reply at 8. In addition, the Court notes that Johnson had not received the
24  discovery he sought three days prior to the fact discovery cut-off and that Johnson claims to have

9
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

"made several efforts to gain full compliance from CFS through both formal and informal means" to no avail. ECF No. 42 at 4.

The Court finds that these charges are reasonable. As detailed in Magistrate Judge Grewal's Order granting in part Johnson's Motion to Compel, there were numerous delays in CFS's production of documents and some documents had still not been produced as of Magistrate Judge Grewal's order in spite of CFS's contention that it was attempting to respond to Johnson's discovery requests. ECF No. 46 at 1-4. Thus, it was not unreasonable for Johnson to resort to a motion to compel to ensure that CFS complied fully with its discovery obligations. Although Magistrate Judge Grewal ultimately denied the Motion to Compel in part and denied Johnson's Motion for Discovery Sanctions, this does not mean that the filing of the Motions was necessarily unwarranted or unreasonable.[4]

CFS also seeks to exclude 21.9 hours for drafting Johnson's Motion for Summary Judgment. Opp'n at 7. CFS argues that, had this case proceeded to trial, the trial itself would have lasted less than 4.0 hours, and thus it was not reasonable for Johnson to expend 21.9 hours drafting the Motion for Summary Judgment. *Id.* Johnson responds, and the Court agrees, that a trial would have required significant time for trial preparation, which would have resulted in significantly more hours billed than the 4.0 trial hours claimed by CFS. Reply at 8-9. In addition, the Court notes that, at the time Johnson filed his Motion for Summary Judgment, the parties and the Court estimated that the trial would last two to three days. *See* ECF Nos. 32, 33. Consequently, the Court concludes that the time spent drafting the Motion for Summary Judgment was reasonable.

---

[4] The Court notes that there is no apparent support for CFS's contention that Johnson's "counsel failed and refused to meet and confer regarding the need for filing the motion to compel and/or to otherwise negotiate production items and timing." Opp'n at 6. While Magistrate Judge Grewal's Order notes that "it is not clear from the correspondence submitted to the court that Johnson met and conferred in good faith with CFS before filing his motion," ECF No. 46 at 4, this is not the same as concluding that Johnson "failed and refused" to meet and confer. Moreover, Magistrate Judge Grewal's Order makes clear that the parties did communicate regarding the discovery dispute and also that Johnson held off on filing the Motion to Compel for over a month while CFS represented that it was producing the requested documents. *See id.* at 1-2.

10
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

1    Finally, the Court finds 2.5 hours expended by Salmonsen videotaping the Lohmeyer

2 deposition unreasonable. Johnson requests that Salmonsen be billed at $175 per hour for his work

3 as a videographer during the Lohmeyer deposition. Mot. at 4. Johnson argues that Salmonsen is a

4 law clerk, and thus, Salmonsen's time expended on this matter is compensable. Reply at 14. CFS

5 argues that Salmonsen's time working on the present case should not be compensated at all. Opp'n

6 at 3-4. CFS notes that Salmonsen is not a licensed attorney (although he is a law-school graduate,

7 *see* ("Schwinn Decl.") ECF No. 64-3 ¶ 13). ("Chandler Decl.") ECF No. 65-1 ¶ 30. Moreover, it is

8 unclear whether Salmonsen is being billed for legal work.

Fees for law clerks and paralegals have traditionally fallen under attorney's fees in fee shifting statutes. *See Missouri v. Jenkins*, 491 U.S. 274, 284-85 (1989) (it is "self-evident … that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals [and law clerks], as well as that of attorneys"); *Santiago v. Equable Ascent Fin.*, No. 11-3158, 2013 WL 3498079, at *4 (N.D. Cal. July 12, 2013) (applying *Jenkins* in the FDCPA fees context). However, attorney's fees may not be awarded for work that is clerical rather than legal in nature. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."); *see also Jenkins*, 491 U.S. at 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.").

Here, it is unclear that videotaping the Lohmeyer deposition was anything more than a purely clerical task. *See Jenkins*, 491 U.S. at 288 n.10. Although Johnson represents that Salmonsen "assist[ed] with the deposition," Schwinn Decl. ¶ 13, Johnson does not explain what additional services Salmonsen performed beyond videotaping. Nor has Johnson established that videotaping the Lohmeyer deposition was a reasonable cost to incur given that a court reporter also attended the deposition and prepared a transcript. *See* ECF No. 41-8 at 88. Accordingly, the Court declines to award attorney's fees for the 2.5 hours spent videotaping the Lohmeyer deposition.

11

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**B. Attorneys' Hourly Rates**

Johnson requests that the Court award fees based on an hourly rate for Schwinn of $400 per hour for time expended on the matter and $200 per hour for travel time. Mot. at 3-4. Johnson further requests that the court set the hourly rate for Roulston at $300 per hour.[5] *Id.* CFS argues that Johnson's counsel has requested excessive hourly rates for their respective services. Opp'n at 3-4. The Court reviews the hourly rates of each individual billed to ensure that the requested rates are "in line with the prevailing market rate of the relevant community." *Carson*, 470 F.3d at 891 (internal quotation marks omitted).

**1. Schwinn's Hourly Rate**

In support of Schwinn's requested rate of $400 per hour for time expended on this case and $200 per hour for travel time, Johnson offers the declaration of Schwinn. In his declaration, Schwinn states that his requested rate is "comparable to the rates being charged by attorneys of similar experience and expertise in the San Francisco Bay Area's federal and state courts." Schwinn Decl. ¶ 11. Schwinn further states that he charges his fee-paying clients this hourly rate. *Id*. Schwinn represents that he "has nearly 16 years total experience in federal FDCPA litigation, between his former Kansas practice and his current California practice," and he provides an extensive list of the many consumer protection cases he has handled before various state and federal courts. Reply at 4; Schwinn Decl. ¶ 9. Schwinn further states that several courts in the Bay Area have awarded him $375 per hour. Schwinn Decl. ¶ 12. Since Johnson filed his Motion for Attorney's Fees and Costs, the Court has found two Northern District cases that have awarded reasonable attorney's fees for Schwinn at an hourly rate at or above what Johnson seeks here. *See Madison v. Goldsmith & Hull*, No. 13-1655, 2013 WL 5769979, at *4 (N.D. Cal. Oct. 24, 2013)

---

[5] Johnson also requests an hourly rate of $175 per hour for Salmonsen. Mot. at 4. Because the Court has determined that Johnson has failed to show that the 2.5 hours Salmonsen spent videotaping the Lohmeyer deposition was reasonable, *see supra* Part III.A.2, the Court need not address whether Salmonsen's requested hourly rate is reasonable.

12
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

(fee award based on a $400 per hour rate for Schwinn); *Rivera v. Portfolio Recovery Assocs., LLC*, No. 13-2322, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013) (fee award based on a $450 per hour rate for Schwinn); *accord Abad v. Williams, Cohen & Gray, Inc.*, No. 06-2550, 2007 WL 1839914, at *4 (N.D. Cal. June 26, 2007) ("A court is justified in relying on a requesting counsel's recently awarded fees when setting that counsel's reasonable hourly rate." (citing *Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998)). Johnson also submitted the expert declaration of Ronald Wilcox ("Wilcox"), another consumer protection attorney, to support the reasonableness of Schwinn's requested hourly rate. *See* ("Wilcox Decl.") ECF No. 64-6 ¶ 14 (stating that the "market rate in the San Francisco Bay Area for state and federal litigation of consumer law issues that are similar in difficulty and complexity to the issues herein is a range extending from $280 to $500+ per hour, depending on the skill, experience and reputation of the attorney").

CFS argues that Schwinn's hourly billable rate of $400 per hour is excessive and should be capped at $250 per hour. Opp'n at 3-4. In particular, CFS argues that Schwinn's rate is unjustifiably high because it is only $50 per hour less than Wilcox's rate, even though Wilcox has eight additional years of experience litigating FDCPA cases in California. *Id.* at 3. CFS supports this argument by reference to an Eastern District of New York decision, *Aslam v. Malen & Associates, P.C.*, 669 F. Supp. 2d 275, 277 (E.D.N.Y. 2009), which found that $250 per hour was a reasonable hourly rate for an attorney prosecuting FDCPA cases in the Eastern District of New York in 2009. CFS further supports its argument with the declaration of Robert Chandler ("Chandler"), CFS's counsel, who relies on his twenty-five years of experience to opine that Schwinn should be entitled to no more than $250 per hour for his work in this matter, because prosecuting this case did not require "special or unique skills." *See* Chandler Decl. ¶ 26; Mot. at 4.

The Court finds CFS's arguments unpersuasive. Initially, Johnson does not "base Mr. Schwinn's rate on Mr. Wilcox's experience level." Opp'n at 3. Instead, Johnson provided several justifications for Schwinn's rate, including prior court decisions awarding Schwinn comparable

13
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

rates and Wilcox's declaration stating that Schwinn's rate falls within the range of billable rates common in the San Francisco Bay Area for this type of litigation.

Moreover, the Eastern District of New York opinion cited by CFS is inapposite. The court in *Aslam* considered billable rates of consumer attorneys in the Eastern District of New York, not the San Francisco Bay Area. *See* 669 F. Supp. 2d at 277; *see also Camacho*, 523 F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."). In addition, the attorney in *Aslam* had been practicing in the area of consumer protection for only six years, whereas Schwinn has sixteen years of experience practicing consumer protection law. *Compare Aslam*, 669 F. Supp. 2d at 277, *with* Schwinn Decl. ¶ 5. Furthermore, *Aslam* was decided more than two years before the majority of the fees in this case accrued, which further dilutes the usefulness of that case in determining the prevailing market hourly rate for the present case. *See Camacho*, 523 F.3d at 981 ("[I]n determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."). Finally, Chandler's declaration does not set forth facts or authority to support his assertion that a reasonable attorney's fee must be justified by "special or unique skills." Chandler Decl. ¶ 26. To the contrary, the court in *Camacho* required only that requested hourly billable rates be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" and supported by "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys." 523 F.3d at 980 (alterations in original) (internal quotation marks omitted). The Court finds that Johnson has met this burden as to Schwinn's hourly rate.

### 2. Roulston's Hourly Rate

Johnson requests Roulston's lodestar be calculated at an hourly rate of $300 per hour. Mot. at 4. In support of this hourly rate, Johnson sets forth the declaration of Roulston, which represents that $300 per hour is "comparable to the rates being charged by attorneys of similar experience and

14

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

expertise in California's federal and state courts." ("Roulston Decl.") ECF No. 64-5 ¶ 10. Roulston states that he has seven years of experience in consumer protection cases and was previously awarded $250 per hour by this Court for similar work performed when Roulston was a fourth year associate at the Consumer Law Center. *Id.* ¶¶ 4-5, 11; *see also Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-2825, 2011 WL 3652531, at *5 (N.D. Cal. Aug. 19, 2011) (Koh, J.) ("$250 per hour for . . . Mr. Roulston . . . [is] within the range of reasonable hourly rates for attorneys of comparable skill, experience and reputation litigating similar cases in this Court's jurisdiction."). Roulston further states that $300 per hour has been the rate his firm, Consumer Law Center, charges for his services since May 1, 2012 and that this is his first fee increase since 2010. Roulston Decl. ¶ 11.

CFS objects to Roulston's hourly rate for the same reasons CFS objects to Schwinn's hourly rate. Opp'n at 3-4. CFS contends that Roulston's hourly rate should be no more than $200 per hour. *Id.* at 4. For similar reasons to those discussed above, the Court is not persuaded. Principally, Roulston does not "base" his rate on that of Wilcox. Opp'n at 3. Instead, Roulston cites to previous fee awards and his experience to support his hourly rate of $300 per hour. Roulston Decl. ¶¶ 8, 10-11. Furthermore, it is not unusual for an attorney to raise their hourly rate after gaining additional experience. *See, e.g.*, *Garcia v. Resurgent Capital Servs., L.P.*, No. 11-1253, 2012 WL 3778852, at *3 (N.D. Cal. Aug. 30, 2012) (the court "[c]onsider[ed] the two additional years of experience" an attorney gained in raising his hourly rate by $50 per hour).

The Court thus concludes that Johnson has met his burden to show that Roulston's requested hourly rate of $300 per hour falls within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation litigating similar cases in this Court's jurisdiction.

**C.    Travel Time**

15

Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

CFS seeks to exclude the 36.0 hours Schwinn billed as time spent traveling to take the Lohmeyer deposition in Tulsa, Oklahoma. Opp'n 5. CFS argues that these charges were unreasonable because Schwinn unnecessarily made the trip for personal reasons. Chandler Decl. ¶ 23. CFS asserts that it offered to have Lohmeyer travel to San Jose, California rather than have Schwinn travel to Tulsa. *Id*. ¶ 21. CFS further asserts that it offered to conduct a video deposition to save travel expenses. *Id*. Johnson responds that CFS never offered to send Lohmeyer to San Jose. ("Schwinn Suppl. Decl.") ECF No. 67-1 ¶¶ 13-14. Johnson notes that CFS does not attach any documentary evidence in support of its assertion that it offered to make Lohmeyer available for deposition in San Jose. Reply at 7. In addition, Johnson responds that "[w]hile it is possible taking a deposition by video may have been cheaper, there is no guarantee it would have been as effective." *Id.* at 12. Schwinn acknowledges that part of his trip to the Midwest was personal in nature, Schwinn Decl. ¶ 14 n.2, and consequently, Schwinn did not charge for his travel time from San Jose to Topeka, Kansas, which is presumably where Schwinn has family. *See* Invoice at 9-10. Instead, Schwinn billed 6.0 hours of travel time for his trip from Topeka, Kansas to Tulsa, and then 30.0 hours for his travel time from Tulsa back to San Jose. *Id*. In addition, Schwinn reduced his hourly rate by 50 percent for the 36.0 hours billed as travel time. *See id*.; Reply at 6.

"A lawyer's travel time is recoverable at a professional hourly rate because time spent traveling is time the attorney could not spend performing legal services for clients." *Santiago*, 2013 WL 3498079 at *5 (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1216 (9th Cir. 1986)). CFS has not demonstrated that Schwinn had the option of deposing Lohmeyer in San Jose. Nor has CFS offered any authority that a party is required to conduct its deposition remotely or that a party's attorney's fees should be reduced if a deposition is taken live rather than by video. Moreover, Schwinn has taken prudent measures to remove charges unrelated to the present matter. The Court prefers that all parties utilize cost-efficient modes of transportation, but the Court takes Schwinn at his word that he has a health condition that has prevented him from traveling by air for more than

16
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

thirteen years, and it finds that Schwinn's decision to charge only $200 per hour for his travel time eliminates any risk that Schwinn's travel fees were inflated due to his decision to drive, rather than fly, to the Midwest. *See* Schwinn Suppl. Decl. ¶¶ 11-12. Thus, the Court finds that the hours billed as travel time were reasonably expended.

### D. Lodestar

Thus, with the exceptions discussed above, the Court finds that the hours Johnson claims are reasonable. As such, the Court calculates the lodestar as follows:

| Attorney | Rate | Hours | Lodestar |
|---|---|---|---|
| Fred W. Schwinn | $400 per hour | 104.6 | $41,840 |
| | $200 per hour (travel time) | 36.0 | $7,200 |
| Raeon R. Roulston | $300 per hour | 7.0 | $2,100 |
| Matthew C. Salmonsen | $175 per hour | 0 | $0.00 |
| **Total** | | **147.6** | **$51,140.00** |

### E. Costs

Johnson seeks to recover $1,729.62 in costs associated with this matter. CFS seeks to exclude Schwinn's costs associated with traveling to depose Lohmeyer as unreasonable. Opp'n at 5. However, CFS does not challenge the reasonableness of Schwinn's travel costs on any ground other than challenging the reasonableness of the trip itself. *Id.* Because the Court finds Schwinn's trip to depose Lohmeyer reasonable, and after inspection of the travel costs for reasonableness, the Court concludes that Schwinn's travel costs are reasonable.[6]

Johnson seeks to recover additional costs, including charges for photocopying, postage, and mileage. Invoice at 18-21. CFS does not object to these costs in its opposition, Chandler's declaration, or in its objections to and taxation of Plaintiff's bill of costs. *See* ECF No. 66. After

---

[6] CFS has also objected to the costs associated with Salmonsen's travel expenses. ECF No. 66 at 1. All of Salmonsen's travel costs have been voluntarily removed from Johnson's request for attorney's fees and costs. *See* Invoice at 18-19. Thus, the Court has no need to address objections to Salmonsen's travel expenses.

17
Case No.: 5:12-CV-01091-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

careful review, the Court finds that these additional costs are reasonable, and awards costs in the amount of $1729.62.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Johnson's motion for Attorney's Fees and Costs. The Court awards Johnson $51,140.00 in attorney's fees and $1729.62 in costs, for a total award of $52,869.62.

**IT IS SO ORDERED.**

Dated: December 27, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge